■ MARIE WARBETT et al., Appellants, v. JACK POLOKOFF, Respondent.— Order, entered March 4, 1964, denying motion by plaintiffs to open their default in service of a reply and to vacate inquest taken upon defendant's counterclaim, reversed, on the law, on the facts, and in the exercise of discretion, without costs, and motion granted. The action was brought to recover for personal injuries sustained in an automobile accident and the counterclaim seeks to recover damages to defendant's vehicle. The plaintiffs make a prima facie showing of a meritorious defense to the counterclaim and that the default was inadvertent due to a misunderstanding between plaintiffs' attorneys of record and the attorneys representing plaintiffs' insurer. Plaintiffs' attorneys aver that defendant's attorney was informed that plaintiffs' insurer would defend as to the counterclaim; that it was assumed that defendant's attorney would mail a copy of the answer and counterclaim to the insurer; that later, when it was learned that plaintiffs' insurer had not received a copy of the answer and counterclaim, plaintiffs' attorneys delivered a copy of the same to the insurer; but that a reply then served by the attorneys for the insurer was refused and returned on the ground that it was not timely served. "The controlling principles are well settled. As a matter of general policy, disposition of controversies on the merits is favored, and to that purpose defaults will be vacated upon a proper showing of excuse and the absence of willfulness (*Long Is. Trading Corp.* v. *Tuthill,* 243 App. Div. 617; *Baldwin* v. *Yellow Taxi Corp.,* 221 App. Div. 717; *Allen* v. *Fink,* 211 App. Div. 411, 415, mod. 213 App. Div. 845; 7 Carmody-Wait, New York Practice, p. 409)." (*Benadon* v. *Antonio,* 10 A D 2d 40, 42.) Concur — Botein, P. J., McNally, Eager and Staley, JJ.; Steuer, J., dissents in the following memorandum: I dissent and vote to affirm the action taken by the trial court. In this negligence action resulting from the collision of two automobiles, plaintiffs elected to conduct their own case through counsel of their own selection and to have the counterclaim handled by the attorneys for their insurance carrier. While there is no objection to this procedure, the fact still remains that the carrier is not a party to the action and is neither represented by attorney nor has any right to representation apart from its insured. There is only one attorney of record for the plaintiffs, both for the prosecution of their claim and for defense of the counterclaim. Any default suffered by virtue of the fact that an attorney other than the attorney of record failed to act, or because of disagreement between these attorneys or between plaintiffs and their insurance carrier, is chargeable to the plaintiffs. The grounds asserted here as excusing the default are a conflict between plaintiffs and the carrier, through their attorneys, as to who was responsible for the default, and have resulted in a disclaimer by the carrier. With none of this has defendant any concern. Under these circumstances, if a party assumes the hazards resulting from a division of responsibility, that party should suffer the consequences rather than seek to visit them on the other side. Difficulties arising from this situation are not uncommon on trials and are resolved by a firm insistence on limiting the affected party to a single representation. The same procedure should apply to all stages of the action.