## (June 17, 1965)

■ ROCKEFELLER CENTER LUNCHEON CLUB, INC., Appellant, v. HILDA G. SCHWARTZ, as Director of Finance of the City of New York, Respondent.— Order and judgment unanimously affirmed, with $50 costs to respondent on the opinion of Mr. Justice HELMAN at Special Term. Concur — Botein, P. J., Rabin, McNally, Stevens and Eager, JJ.

■ ESTHER JAMES, Appellant, v. ADAM C. POWELL, JR., et al., Respondents.— Appeal from order entered March 31, 1965, granting defendants' motion to vacate a default judgment, unanimously dismissed, without costs or disbursements. The order granted the motion on condition defendants agreed to appear and answer and pay plaintiff $84.43 disbursements incurred. We are not concerned with the remainder of the order which was predicated on defendants' failure to stipulate to appear and answer and pay the disbursements. The record shows that money orders for the $84.43 were received by the attorney for plaintiff and deposited in his bank account and that defendants did appear and answer. The acceptance and retention of the $84.43 constituted a waiver of plaintiff's right to appeal from the order. (*Ocean Road Terrace Co-op. Apts.* v. *Necko Operating Corp.,* 20 A D 2d 660; *Mikaelian* v. *Aldrese,* 19 A D 2d 604; *Wesson* v. *Dullzell,* 15 A D 2d 744; *James* v. *Quimet,* 283 App. Div. 819; *Brenner* v. *Steven Plumbing Supply Co.,* 279 App. Div. 1087; *Clair Marcelle, Inc.* v. *Agfa Ansco Corp.,* 250 App. Div. 508.) The attempt to refund the disbursements theretofore accepted came too late. Accordingly, the appeal must be dismissed. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ I. THEODORE LEADER, Appellant, v. JOSEPH DURST, Respondent.— Order entered on June 2, 1964, unanimously reversed, on the law and the facts, with $30 costs and disbursements to appellant, and the motion to dismiss the amended complaint denied. On the pleadings, in the context in which the quoted language appears, it cannot be said as a matter of law that the words "You are a liar and a thief" were or were not spoken so as to touch or be in reference to plaintiff's trade or profession with respect either to the real estate business or as an attorney and his conduct in either capacity. We hold only that upon the basis of the facts alleged in the complaint the quoted language is actionable per se. Resolution of that question depends upon determination of the preliminary issue. The plaintiff is required to plead and prove the words were spoken in reference to his trade or profession and also that they referred to his conduct in such trade or profession. (*Gurtler* v. *Union Parts Mfg. Co.,* 285 App. Div. 643; *Jordan* v. *Lewis,* 20 A D 2d 773; 1 Harper and James, Torts, p. 381 *et seq.*) Concur — Botein, P. J., Rabin, McNally, Stevens and Eager, JJ.