■ ELIZABETH C. TRIBOLATI, as Administratrix of the Estate of JOHN TRIBOLATI, Deceased, Appellant, v. LEONARD LIPPMAN, Defendant, and IRWIN KALLMAN et al., Respondents.— In an action to recover damages for wrongful death, plaintiff appeals from an order of the Supreme Court, Kings County, entered May 8, 1964 upon the granting of a motion made at the trial of the action by the defendants Irwin Kallman and Bookazine Company, Inc., which dismissed the complaint as to said defendants. Appeal dismissed, with $30 costs and disbursements to said defendants. The order is nonappealable (CPLR 5701). However, we have examined the record and briefs and conclude that, had the merits been properly before us, we would affirm. Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ P. H. C., INC., Appellant, v. HASKELL WOLF et al., Doing Business under the Name of SCOLARI and WOLF, Respondents.— Motion by defendants to dismiss appeal on the ground that the right to appeal has been waived. Plaintiff appeals from an order of the Supreme Court, Queens County, dated August 10, 1965, which granted defendants' motion to vacate a judgment entered against them after inquest and to permit service of their answer on condition that (1) defendants pay plaintiff $150 "as compensation for the expenses of the inquest"; and (2) the judgment already entered stand as security for any future recovery. The payment of $150 has been made and accepted. Motion granted, without costs; appeal dismissed. Plaintiff's acceptance of the payment constituted a waiver by it to appeal from the conditional order (*Brenner* v. *Steven Plumbing Supply Co.*, 279 App. Div. 1087; *Ocean Road Terrace Co-Op. Apts.* v. *Necko Operating Corp.*, 20 A D 2d 660). Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CALVIN JOHNSON, Appellant.— Motion by defendant to dismiss his appeal from the judgment of the former County Court, Kings County, rendered August 12, 1960, convicting him of murder in the second degree, with leave to appeal to the Court of Appeals, denied. It is clear that defendant desires to prosecute his appeal to final conclusion. The only way he may prosecute that appeal is by having it heard and determined by this court in the first instance. If defendant's motion were granted, he would have no further appeal. Defendant may not appeal directly to the Court of Appeals, either as a matter of right or by permission of this court. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.