Decree entered February 6, 1969, unanimously modified on the law to the extent of directing payment of interest on the nine cash legacies contained in the decedent's will at 3% per annum commencing seven months from the time letters issued to appellant and otherwise affirmed, with costs and disbursements to all parties filing briefs payable out of the estate. (See EPTL 11-1.5, subd. [d].) Concur — Eager, J. P., Capozzoli, Markewich and McNally, JJ.

■ In the Matter of NATHAN JAFFE, Admitted as NATHAN SHERMAN JAFFE. Motion for reinstatement granted. Concur — Capozzoli, J. P., McGivern, McNally, Steuer and Tilzer, JJ.

## (January 22, 1970)

■ TURNTABLES, INC., Respondent, v. M. B. PLASTICS CORP. et al., Appellants.— Appeal from order, entered May 16, 1969, granting plaintiff's motion for leave to serve an amended complaint, unanimously dismissed, without costs or disbursements. The order granted the motion on condition that plaintiff "pay the costs due within ten days after the date of service of a copy of this order with notice of entry." It appears that on June 27, 1969, plaintiff's attorney served a copy of the order of May 16, 1969 and delivered a check in the amount of $374.17, the amount of the costs claimed to be due. Payment of the costs due was imposed as a condition of granting the relief. Under these circumstances, the acceptance and retention of the $374.17 constituted a waiver of defendants' right to appeal from the order of May 16, 1969. Accordingly, the appeal must be dismissed (James v. Powell, 24 A D 2d 428; Mikaelian v. Aldrese, 19 A D 2d 604; Wesson v. Dullzell, 15 A D 2d 744). Concur — Eager, J. P., Markewich, Nunez, McNally and Macken, JJ.

■ In the Matter of PETER JOSEPH HABERKORN, an Attorney.— Motion for reinstatement denied. Concur — Eager, J. P., Capozzoli, Tilzer, McGivern and Markewich, JJ.

## (January 27, 1970)

■ In the Matter of SAM BLOCK et al., Doing Business Under the Name of SAGAMORE APARTMENTS, Appellants, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.— Final judgment, entered on May 17, 1966, reducing assessments for tax years 1963–64 and 1964–65, unanimously modified on the law and on the facts and the total assessments for each of said years is further reduced to $315,000, with $50 costs and disbursements to the appellants. We find that the land was properly assessed at $75,000 for each of the years in question, but that the value of the subject building, even as reduced by the Special Referee, was over-assessed. Since the petitioners' building was subject to rent control the Referee erred in disregarding the actual rents collected in determining building value. Clearly, "the actual rents received from tenants  *  *  *  is a better guide to follow than the estimated income testified to by the  *  *  *  [city's] expert" (Matter of New York Cent. R. R. Co. v. Tax Comm., 26 A D 2d 543.) Where a building is subject to rent control the surest guide to a fair estimate of rental value is "the controlled rents". (Matter of City of New York [Maxwell], 15 A D 2d 153, 161.) Further, petitioners' objections to the items eliminated by the city's accountants from its expense figures are valid. Moneys expended for roof repairs, amortized over the period of 10 years, is properly deductible at the yearly rate of $205. Expenditures for boiler repairs or replace-