■ NEW YORK PRODUCE TRADE ASSOCIATION, INC., Respondent, v LOUIS MAZZILLI et al., Appellants, et al., Defendants.—Order entered April 24, 1975, in the Supreme Court, Bronx County, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion of defendants-appellants (appellants) to open their default and to serve the proposed answer is granted, without costs to either party. The judgment entered, however, shall remain as security and execution thereon stayed, pending an early determination of the issues. This is an action in contract to recover money for goods sold and delivered and is predicated on the personal guarantees of the appellants. There is no question that appellants were served with process and defaulted in appearing or answering because, according to appellants, they did not understand that the complaint asserted a cause of action against them personally. Such lack of comprehension alone would not warrant the granting of the relief sought; however, appellants assert under oath in their affidavits that they neither signed nor authorized the signing of the guarantees upon which their alleged signatures appear. If that be the fact, they should be afforded an opportunity to so demonstrate. The affirmative defense alleged in the proposed answer, if proven, would be both substantial and meritorious, since the guarantee is to answer for the debt of another, which is required to be in writing and subscribed by the person to be charged (General Obligations Law, § 5-701, subd 2). This accords with our general policy of preferring that controversies be determined on their merits *(Warbett v Polokoff,* 21 AD2d 771). Since plaintiff obtained the default judgment in good faith, and appellants neglected to timely answer, plaintiff should not be subjected to further unnecessary costs and the judgment should stand as security (CPLR 5015, subd [a]). Concur— Stevens, P. J., Markewich, Capozzoli and Lane, JJ.