■ LUCILLE WITZ, as Administratrix of the Estate of GUY X. WITZ, Deceased, Appellant, v RENNER REALTY CORP. et al., Defendants, and ELIZABETH S. CALLARGY et al., Respondents.—Order and judgment, Supreme Court, New York County, entered September 30, 1975 and January 21, 1976, respectively, granting defendants' motion to dismiss the action for failure to serve a complaint and denying plaintiff's cross motion to direct entry of a default judgment, unanimously reversed, on the law, the judgment vacated, the motion to dismiss denied, and the plaintiff's cross motion granted only to the extent of directing the defendants to accept service of the complaint on condition that the complaint be served within 10 days after service of a copy of the order entered herein, with notice of entry. Plaintiff-appellant shall recover of defendants-respondents $40 costs and disbursements of this appeal. Guy Witz died on February 17, 1962 as a result of a fire in premises known as 342 West 40th Street. A summons, dated February 11, 1964, was served, *inter alia,* upon the alleged owners of the premises, the estate of Gertrude C. Sherwood and Sarah E. Morgan (the owners), as well as the lessee of the premises, Renner Realty Corp. The lease agreement between Renner and the owners contained an indemnity agreement. The owners requested that Renner represent them, since Renner was required to indemnify the landlords in any event; however, Renner declined. Plaintiff, despite repeated demands, failed to serve a complaint for over 10 years. In the interim, the estate of Gertrude C. Sherwood was closed, and Sarah E. Morgan died and her estate was administered and closed. By letter dated February 14, 1974, plaintiff's attorneys served a complaint on defendants' attorneys. By letter dated March 8, 1974, the complaint was rejected for late service. Plaintiff then applied to the court to compel all the defendants to accept the complaint. Special Term granted plaintiff's motion conditioned upon plaintiff's counsel's paying $100 costs to each attorney for the defendants' appearing in opposition to the motion. Some of the defendants appealed this determination to the Appellate Division, which unanimously reversed the order of Special Term and dismissed the action as to the defendants who took the appeal. The action was severed as to the nonappealing defendants (47 AD2d 622). The defendants Sherwood and Morgan had not participated in that appeal and therefore the case was not dismissed as against them. Furthermore, they had accepted the $100 costs awarded by

Special Term. After the Appellate Division order issued dismissing the action, Sherwood and Morgan then applied at Special Term to have the complaint dismissed as against them and plaintiff, by cross motion, applied for an inquest against the defendants. Special Term dismissed the action. We would reverse. The acceptance by the defendants Sherwood and Morgan of the costs awarded by Special Term operated as a waiver of the right to appeal *(Timetables v M. B. Plastics Corp.,* 33 AD2d 899; *James v Powell,* 24 AD2d 428; *Mikaelian v Aldrese,* 19 AD2d 604), and they are bound by the previous order of Special Term directing them to accept service of the complaint. Concur—Murphy, J. P., Birns, Capozzolli, Lane and Lynch, JJ.