■ N & J FOODS, INC., Doing Business as ARTHUR TREACHER'S FISH & CHIPS, Appellant, v SHOPWELL PLAZA CORP. et al., Respondents, et al., Defendants.—Appeal from an order, Supreme Court, New York County, entered October 3, 1977, granting defendants-respondents' motion to vacate a default judgment in the sum of $83,199.75, on condition that defendants-respondents pay plaintiff the sum of $250 within 20 days after publication of the decision, as partial compensation to plaintiff for expenses incurred by reason of the default, unanimously dismissed, with $40 costs and disbursements of this appeal. It appears that within 20 days after publication of the decision, a check from defendants' insurer, payable to plaintiff and its counsel was accepted by plaintiff's attorneys and deposited in their account. The payment of that sum was imposed as a condition for granting the application to excuse the default and to vacate the judgment entered thereon. Under the circumstances the acceptance and retention of the costs awarded by Special Term operates as a waiver of the right to appeal (Witz v Renner Realty Corp., 55 AD2d 517; Coleman v Padgett, 35 AD2d 695; Turntables, Inc. v M. B. Plastics Corp., 33 AD2d 899; James v Powell, 24 AD2d 428). We have also examined the merits of the appeal and, were the appeal not dismissed, we would affirm as proper the exercise of discretion by Special Term in vacating the default judgment heretofore entered. CPLR 5015 (subd [a]) vests discretion to relieve a party from a judgment or order "upon such terms as may be just", upon appropriate application made within one year after service of a copy of the judgment or order as to which relief is sought. On such an application, movant must demonstrate both excusable default and the existence of a meritorious defense. Here, we perceive no justifiable basis for interfering with the legitimate exercise of discretion by Special Term, which reflects the general policy favoring

disposition of controversies on the merits *(Warbett v Polokoff,* 21 AD2d 771; *Benadon v Antonio,* 10 AD2d 40). Concur—Kupferman, J. P., Birns, Evans, Fein and Sandler, JJ.