■ JAMES R. GOHERY, Respondent, v SPARTAN CONCRETE CORP. et al., Appellants. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, the defendants separately appeal from an order of the Supreme Court, Suffolk County (Wager, J.), dated June 10, 1981, which denied their respective motions to dismiss the complaint for failure to comply with the 90-day notice requirements of CPLR 3216, on condition that plaintiff's attorney personally pay $150 to each of the moving parties. Order reversed insofar as appealed from by defendants Tilles Investment Corp. and Peter Scalamandre & Sons, Inc., on the law, with one bill of $50 costs and disbursements, and the motions of said defendants are granted. Appeal by defendant Spartan Concrete Corp. dismissed, without costs or disbursements. Excuses amounting to "law office failure" are insufficient as a matter of law to excuse a default under CPLR 3216 (see *Barasch v Micucci,* 49 NY2d 594; *Crucilla v Howe*

*Richardson Scale Co.,* 80 AD2d 575). However, defendant Spartan Concrete Corp. waived its right to appeal by accepting the $150 costs awarded under the conditional order of Special Term (see *P. H. C., Inc. v Wolf,* 24 AD2d 769). Cohalan, J. P., O'Connor, Thompson and Bracken, JJ., concur.