■ KENFORD COMPANY, INC., et al., Respondents, v COUNTY OF ERIE et al., Appellants. — Order unanimously affirmed, with costs. Memorandum: We see no abuse of discretion in the order granting plaintiffs leave to amend the *ad damnum* clause. Leave to amend the *ad damnum* clause "should generally be granted" in the absence of prejudice to defendant (*Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23). "Prejudice, of course, is not found in the mere exposure of the defendant to greater liability. Instead, there must be some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position" (*Loomis v Civetta Corinno Constr. Corp., supra,* p 23; see *Stornelli v Aakron Rule Corp.,* 89 AD2d 1060). We reject defendants' argument that their pretrial discovery will be nullified by the amendment. Since the elements of damage remain the same, defendants' preparation for trial will be the same now as it was before. (Appeal from order of Supreme Court, Erie County, Green, J. — amend *ad damnum* clause.) Present — Hancock, Jr., J. P., Doerr, Boomer and Schnepp, JJ.

■ GEORGE R. COGAR, Appellant, v LEOPOLD MEINRATH, Respondent. — Order and judgment unanimously affirmed, with costs. Memorandum: Contrary to the argument made by plaintiff on the appeal, there is no suggestion in the moving affidavits that defendant was, at the time of the service of the summons, engaged in "a continuous and systematic course of 'doing business' here" rendering him subject to personal service under CPLR 301 (*Laufer v Ostrow,* 55 NY2d 305, 309-310). Special Term, therefore, properly dismissed the complaint without an evidentiary hearing. (Appeal from order and judgment of Supreme Court, Herkimer County, Lynch, J. — dismiss complaint, lack of personal jurisdiction.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.

■ CHARLES GRAY, Doing Business as FILLMORE EAST UTICA LAUNDROMAT and UTICA-FILLMORE LAUNDRY WORLD, INC., Respondent, v GREAT SOUTHWEST FIRE INSURANCE Co., Appellant. — Appeal unanimously dismissed, without costs (see *Gohery v Spartan Concrete Corp.,* 85 AD2d 678, 679, affd 56 NY2d 785). (Appeal from order of Supreme Court, Erie County, Marshall, J. — vacate judgment of dismissal.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.

■ RICHARD L. STEVENS, Appellant, v ALAN D. FEITKNECHT, Respondent. — Order unanimously reversed, with costs, and motion granted. Memorandum: Plaintiff commenced the instant lawsuit in accordance with the "Nail & Mail" method of service (CPLR 308, subd 4). Defendant's second affirmative defense alleges lack of personal jurisdiction based on defective service. Plaintiff moved to dismiss this defense (CPLR 3211, subd [b]). Defendant's sole argument in opposition to the motion was that the affidavit of service was defective because it contained "no showing" that the address in question was defendant's actual dwelling place or last known address. This argument is insufficient to defeat a motion to dismiss. The affidavit of service alleges that the address is defendant's actual and last known residence and nothing more is required therein. While the affidavit of service, standing alone, might be insufficient were the facts contested (see, e.g., *Jones v King,* 24 AD2d 430), here defendant does not deny that the address was his actual and last known residence. In the absence of any question of fact, the motion to dismiss must be granted. (Appeal from order of Supreme Court, Monroe County, Kennedy, J. — strike affirmative defense.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.