■ In the Matter of KAREN CONLON, Respondent, v FRANK E. MOYER, Appellant.

Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.

■ RAPHAEL DOLIN et al., Appellants, v PASSERO-SCARDETTA ASSOCIATES et al., Respondents.

It is well settled that where, as here, an order imposes costs on the moving party as a condition of granting the relief sought, the acceptance and retention of the costs by the adverse party operates as a waiver of the right to appeal (*see, e.g., Gray v Great Southwest Fire Ins. Co.,* 93 AD2d 998; *Matter of Nassau Ins. Co.* [*Franklin — Eden Transp. Sys.*], 87 AD2d 594; *Gohery v Spartan Concrete Corp.,* 85 AD2d 678, *affd* 56 NY2d 785; *N & J Foods v Shopwell Plaza Corp.,* 63 AD2d 899; *Witz v Renner Realty Corp.,* 55 AD2d 517; *Coleman v Padgett,* 35 AD2d 695; *Turntables, Inc. v M.B. Plastics Corp.,* 33 AD2d 899; *P.H.C., Inc. v Wolf,* 24 AD2d 769; *James v Powell,* 24 AD2d 428). It is on that basis that we dismiss the appeal. Were we to address the merits, however, we would affirm (*see, N & J Foods v Shopwell Plaza Corp., supra; Coleman v Padgett, supra*). Defendants' showing of excusable default and merit was sufficient to justify Special Term's exercise of discretion to relieve defendants from the default "upon such terms as may be just" (CPLR 5015 [a]). (Appeal from order of Supreme Court, Monroe County, Davis, J. — vacate default judgment.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.