■ JENNY OIL CORPORATION, Appellant, v PETRO PRODUCTS DISTRIBUTORS, INC., et al., Respondents, et al., Defendant.—In an action to recover payment for goods allegedly sold and delivered, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered January 22, 1985, as granted the motion of the defendants Petro Products Distributors, Inc., and Jeffrey Gottlieb to vacate a default judgment and compel the plaintiff to accept their answer.

Order affirmed insofar as appealed from, with costs.

Based upon the affidavits submitted to Special Term both in support of and in opposition to the motion to vacate the default judgment, it must be concluded that there was, in fact, no default, and the answer of the respondents was timely served upon the plaintiff. According to the respondents, an extension of time to serve the answer until June 21, 1984 was granted over the telephone to the former attorney of the respondents by an employee of the law firm representing the plaintiff. Careful scrutiny of the papers reveals that the plaintiff did not actually deny that the extension was granted, but instead, argued that even pursuant to the extension, the answer was untimely since the envelope in which it was contained was postmarked June 22, 1984. The plaintiff's papers were insufficient to amount to a denial of the allegation that an extension had been granted. The affidavit of service of the answer indicates that the answer was mailed on June 21, 1984. Thus, it was of no consequence that the envelope was postmarked June 22, 1984, as it is well settled that service is complete as of the date of actual mailing (see, CPLR 2103 [b] [2]). As a result, there was, in fact, no default, and the default judgment was, therefore, properly vacated.

In any event, even assuming that the response had not been timely because the respondents were not granted an extension of time in which to answer, it still would have been appropriate to vacate the default judgment. The relatively short delay in answering was due to the belief on the part of the respondents that an extension of time had been granted, and the delay resulted in no prejudice to the plaintiff. Furthermore, the respondents have presented at least an "arguable defense" to the action (see, Schwartz v Haviv, 78 AD2d 508). Not only did the respondents' papers raise a colorable claim of lack of personal jurisdiction based upon improper service of process, but in addition, raised other defenses which could ultimately be found to be meritorious. Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.