■ DAVID SANDERS, P. C., Appellant, v HARRIS A. SANDERS, ARCHITECTS, P. C., et al., Respondents.—Kane, J.

On this appeal, plaintiff argues that Supreme Court improperly vacated the default judgments entered by plaintiff against defendants. The underlying dispute between the parties centers around two construction projects for which defendants were the architects. Plaintiff contracted with defendants to design and prepare the "mechanical systems" plans for each project. For the first project, the agreement was with both

defendants, while for the second project, the agreement was solely with defendant Harris A. Sanders, Architects, P. C., a domestic business corporation (hereinafter defendant Sanders). Plaintiff commenced the instant action against defendants alleging that he had not received full payment for the work done on each project and that defendants were in breach of contract.

Defendants concede that they were personally served with process and that no answer was ever filed on their behalf. However, they claim that their attorney informed them that he had obtained an oral extension for the time required to answer. Nevertheless, no oral extension was apparently ever given and upon defendants' failure to timely answer, plaintiff obtained the default judgments in question. Upon learning of the default judgments, defendants immediately obtained new counsel and moved within a week of the entry date of the second of the default judgments to open the defaults. Supreme Court granted their motion and this appeal by plaintiff ensued.

Defendants' proposed answer asserts three affirmative defenses and a counterclaim. Plaintiff claims that defendants are collaterally estopped from asserting their counterclaim by reason of a grant of summary judgment on a similar counterclaim in a suit against defendant Sanders by another plaintiff who provided the structural and storm sewer drawings for the second project. However, since plaintiff raises this argument for the first time on this appeal, it is not properly before this court (see, Fresh Pond Rd. Assocs. v Estate of Schacht, 120 AD2d 561, lv denied 68 NY2d 802; Lyons v Quandt, 91 AD2d 709, 710). Additionally, the first suit was commenced only against defendant Sanders and concerned only the second project; therefore, any collateral estoppel effect is confined to that one project and defendant Sanders. In any event, plaintiff's claim is without merit. Even if it were accepted that the issues were identical, defendant Sanders has shown that there was not a full and fair opportunity to litigate the counterclaim (see, Schwartz v Public Adm'r of County of Bronx, 24 NY 2d 65, 71). The claim in the other suit was made in City Court and was for $800; here, the default judgment against defendant Sanders was for $18,938.39. The prior forum, the difference in amounts and the vigor of the defense, in our

view, demonstrates a lack of full and fair opportunity to litigate *(see, supra,* at 72).*

We turn next to the question of whether Supreme Court properly granted defendants' motion for vacatur of the default judgments. Under CPLR 5015 (a) (1), a defendant seeking to vacate a default judgment must demonstrate a reasonable excuse for the default, a lack of willfulness and a meritorious defense *(see, Cohen v Levy,* 50 AD2d 1039).

With respect to the question of a reasonable excuse, it appears that the failure of defendants' former attorney to interpose an answer was attributable to law office failure. Nevertheless, even if that was the case, Supreme Court was still free to exercise its discretion in the interest of justice and excuse the default *(see,* CPLR 2005). Here, given defendants' prompt action in seeking vacatur, the lack of evidence of any intention to deliberately default and no showing of any prejudice to plaintiff, we find no abuse of discretion by Supreme Court in determining that defendants offered a reasonable excuse for their failure to answer *(see, Jenny Oil Corp. v Petro Prods. Distribs.,* 121 AD2d 687, 688; *Arred Enters. Corp. v Indemnity Ins. Co.,* 108 AD2d 624, 626).

Plaintiff also claims that defendants failed to allege a meritorious defense. It is true that conclusory allegations unsupported by facts will not suffice *(Investment Corp. v Spector,* 12 AD2d 911). However, a defendant is only required to make a prima facie showing of legal merit *(see, Picotte Realty v Aragona,* 87 AD2d 955, 956) and is not required to establish a defense as a matter of law *(Tat Sang Kwong v Budge-Wood Laundry Serv.,* 97 AD2d 691, 692). Upon our review of the record, the proposed answer along with defendant Sanders' affidavit were adequate to demonstrate the existence of a possible meritorious defense *(see, Umlauf v County of Chautauqua,* 105 AD2d 1104). Considering that an opportunity to defend and a decision based upon the merits is favored, we find no abuse of discretion in Supreme Court's vacatur of the default judgments *(see, Matter of Mento,* 33 AD2d 650, 651).

However, we are of the view that since plaintiff obtained the default judgments in good faith and because defendants did neglect to timely answer, Supreme Court's decision should

---

* The parties also dispute whether the record of the prior action was ever submitted to Supreme Court in this action. It has been included in the record on this appeal. Even if it was included, making it proper for this court to review and consider it, no theory of collateral estoppel was ever asserted. Thus, it does not lend support to plaintiff's claim that this court should consider its argument regarding collateral estoppel.

be modified and the default judgments should be permitted to stand as security while the merits of plaintiff's action are being litigated (see, Mink Co. v G & T Term. Packaging Co., 89 AD2d 821; New York Produce Trade Assn. v Mazzilli, 49 AD2d 729).

Order modified, on the facts, without costs, by directing that the judgments entered against defendants stand as security pending a final disposition of the instant action, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.