■ CHESTER W. PINE et al., Respondents, v TOWN OF HOOSICK et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered March 22, 1976 in Albany County. After defendants failed to answer the complaint in an action to recover damages for the allegedly unlawful taking of trees and shrubs, the plaintiffs entered a default judgment with the Clerk of Rensselaer County in the sum of $53,555 (CPLR 3215, subd [a]). The defendants moved to vacate the judgment and for leave to appear, answer and defend against the plenary action (CPLR 5015). Plaintiffs cross-moved for summary judgment. Special Term vacated the default judgment, permitted defendants to appear, but not to answer, granted plaintiff's motion for partial summary judgment as to liability and ordered an inquest as to damages. Without submitting an order to effectuate Special Term's decision, the municipal defendant moved for reargument on the ground that Special Term was without authority to grant plaintiffs' cross motion for summary judgment. Special Term then granted defendants' motion for reargument, granted defendants' motion to vacate the default judgment, denied their motion to open their default on grounds of excusable neglect

and ordered that a default judgment be taken by plaintiffs before the court pursuant to CPLR 3215 (subd [b]). This appeal ensued. Clearly, the default judgment entered with the Clerk of Rensselaer County was jurisdictionally defective since plaintiffs' claim was neither for a sum certain nor for a sum which by computation could be made certain (CPLR 3215, subd [a]). Special Term was correct in vacating the judgment (CPLR 5015, subd [a], par 4). However, the order appealed from is inconsistent since it both grants the municipal defendants' motion to vacate the judgment and denies its motion to open its default. Since the default judgment was jurisdictionally defective (*Malone v Citarella,* 7 AD2d 871), it was a nullity. It was an improvident exercise of discretion for Special Term to then consider the supporting papers and determine that the municipal defendants' failure to answer was not because of excusable neglect and, further, that the defendants did not have a meritorious defense. The result is particularly harsh in view of defendants' claim of agency as a defense and that only 33 days had elapsed from the commencement of the action to the defective entry of judgment against the defendants. Order modified, on the law and the facts, by reversing so much thereof as denied defendants' original motion to open default judgment and directed a default judgment be taken by plaintiffs; defendants granted leave to answer within 10 days after service of a copy of order to be entered herein; and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Kane, Mahoney and Herlihy, JJ., concur.