■ DON J. WICKHAM, as Commissioner of Agriculture and Markets of the State of New York, Plaintiff, v LIBERTY MUTUAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant, and FRED J. OLBRYCH et al., Third-Party Defendants. LOTTIE N. OLBRYCH, Third-Party Defendant-Respondent.—Appeal from an order of the Supreme Court at Special Term, entered February 16, 1979 in Albany County, which vacated a prior order, stayed its enforcement against the third-party defendant and granted the relief requested in the original motion. On October 8, 1971, a third-party summons and complaint was allegedly served upon Lottie N. Olbrych (third-party defendant). On February 16, 1972, attorney John J. Mycek wrote to defendant and third-party plaintiff's attorney advising that he appeared on behalf of Mrs. Olbrych. After a motion for summary judgment against third-party defendant Olbrych and others was granted, a judgment was entered on June 30, 1972. On February 1, 1973, the third-party defendant answered, in her own handwriting, questions in connection with an information subpoena and signed the form before a notary public. Four years later, specifically on February 16, 1977, she moved to open and vacate the judgment entered against her, alleging in her supporting affidavit that she never received any papers in connection with the action and never signed a general indemnity agreement whereby she agreed to indemnify the defendant and third-party plaintiff. The affidavit in opposition to the motion to vacate informed the movant of the appearance of attorney Mycek on her behalf at all prior proceedings. No reply affidavit was served. An order denying the motion was entered on October 24, 1977 and forwarded to attorney Mycek. In denying the motion, Special Term found it unnecessary to resolve the issue of whether the third-party defendant was served with process since the jurisdictional defense was waived by the appearance of attorney Mycek on her behalf. On December 19, 1977, the third-party defendant moved to reargue and supported the motion with the affidavit of attorney Mycek, wherein he states that he was retained to represent one Fred J. Olbrych only, and his appearance on behalf of the third-party defendant was inadvertent. Special Term treated the motion to "reargue" as a motion to "renew" (CPLR 2221) and (1) vacated its prior order of October 24, 1977 which denied the original motion, (2) granted the original request to vacate the third-party judgment, (3) extended movant's time to answer the third-party complaint, and (4) ordered that the third-party defendant be permitted to defend against the third-party complaint on the merits. This appeal ensued. Special Term's conclusion that the order implementing the summary judgment against the third-party defendant should be vacated because that party proved conclusively that her attorney's appearance was unauthorized is erroneous since there was a failure to determine factually if the third-party defendant had been personally served with the third-party summons and complaint. If she

was served, the unauthorized appearance would be meaningless. It would be the equivalent of no appearance and a default judgment could have been entered against her without any further notice.* Such a judgment could only be vacated upon a showing by the third-party defendant that she had a reasonable excuse for the default and a meritorious defense *(Bishop v Galasso,* 67 AD2d 753; *Cohen v Levy,* 50 AD2d 1039). If, on the other hand, it is found that service was never made upon third-party defendant, the judgment entered against her is jurisdictionally defective and may be attacked at any time *(Pine v Town of Hoosick,* 56 AD2d 692; *Malone v Citarella,* 7 AD2d 871). Ancient cases which upheld the validity of a judgment entered against an unserved party for whom an unauthorized appearance was made by a *solvent* attorney were premised upon the party's right to sue the attorney making the unauthorized appearance *(Brown v Nichols,* 42 NY 26; *Denton v Noyes,* 6 Johns 296; see *Vilas v Plattsburgh & Montreal R. R. Co.,* 123 NY 440). These cases have no present-day validity. We fail to see how an attorney's solvency can validate an otherwise void judgment entered against a person over whom personal jurisdiction was not obtained. Since the moving third-party defendant stated in her affidavit that she "was never served with any papers in this action in any manner or form that she is aware of", and, further, since the record contains the sworn affidavit of personal service of the third-party summons and complaint on her, a threshold issue of credibility was created that necessarily had to be resolved before the motion could be ruled upon. Issues of credibility should not be resolved upon affidavits *(Matter of Sabatino,* 59 AD2d 992; see CPLR 2218). Order reversed, on the law, with costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.

---

* CPLR 308, which was amended in 1977 to require the mailing of an additional copy of the summons at least 20 days before a default judgment could be entered against a natural person in a contract action (L 1977, ch 344, § 1), did not become effective until January 1, 1978.