■ Louis Tutera, Appellant, v Fran Nagel, Respondent.—

Mikoll, J. Appeal from an order of the Supreme Court (Hughes, J.), entered March 15, 1989 in Schoharie County, which granted defendant's motion to vacate a default judgment entered against him.

The issue on this appeal is whether Supreme Court properly vacated a default judgment entered against defendant on the ground that there was no written contract setting forth an agreed price for the work, labor and services allegedly provided by plaintiff at defendant's request. The default judgment had been entered in accordance with CPLR 3215 (a) which permits a County Clerk to grant a default if the suit "is for a sum certain or for a sum which can by computation be made certain". Here, the claim was neither for a sum certain nor a sum that by computation could be made certain (see, CPLR 3215 [a]). The default was therefore improperly entered and Supreme Court properly determined that the judgment was a nullity (see, Pine v Town of Hoosick, 56 AD2d 692, 693; Geer, Du Bois & Co. v Scott & Sons Co., 25 AD2d 423). Nevertheless, upon plaintiff's failure to establish such a contract, as alleged, a recovery may still be had in quantum meruit (see, Pellegrino v Almasian, 10 AD2d 507, 509). Because plaintiff may be able to recover on the theory of quantum meruit, the order of Supreme Court should be modified by adding a provision that defendant have 20 days from the service of a copy of the order to be entered herein with notice of entry to serve her answer upon plaintiff.

We base our decision on the following facts. This action for the furnishing of goods, labor and services was commenced on December 8, 1988 by service of a summons with notice on defendant. Defense counsel states that a notice of appearance was served on plaintiff's attorney by mail on December 21, 1988. Plaintiff's counsel counters that no notice of appearance was received in his office until service of defendant's papers to open the default judgment that plaintiff had obtained on January 30, 1988. Defense counsel, however, claims that he sent a letter to plaintiff's counsel requesting withdrawal of the default judgment. By letter dated January 13, 1989 plaintiff's counsel advised defense counsel that he had not received the notice of appearance but would permit defendant to "come in and defend" on certain conditions.

Defendant's motion to vacate the default judgment together with supporting and opposing papers was submitted to Supreme Court for determination. Review of the papers reveals that plaintiff's second cause of action alleges that "the agreed and reasonable value of the work, labor and services pro-

vided" was $6,224 and that these services were allegedly performed between November 1, 1986 and January 31, 1987 as "more particularly set forth in 'Exhibit B' annexed hereto". Exhibit B sets forth no charge for work done in November 1986 but rather alleges that the work performed during that month was done for the agreed price of $1,200. Exhibit B also lists 60 hours of work at $32 per hour totaling $1,920 as performed between October 15, 1986 and October 30, 1986. However, there was no allegation in the complaint that any work was done during the month of October 1986. In an affidavit submitted in support of plaintiff's application for the default judgment, plaintiff's counsel claimed that the work, labor and services set forth in exhibit B were performed for defendant at her request at a *cost* (but not the agreed price) of $32 per hour. Discrepancies in fact and pleading support the conclusion that there was no agreed price for the work, labor and services allegedly performed. The default judgment should therefore not have been entered in favor of plaintiff by the County Clerk.

Supreme Court never reached the issue of whether the notice of appearance was received by plaintiff's counsel because it found that the entry of the judgment was a jurisdictional nullity *(see, Pine v Town of Hoosick, supra)*. In any event, the default in appearing in these circumstances was excusable and defendant has a meritorious defense. As defendant is in receipt of plaintiff's verified complaint, defendant should be granted 20 days to serve an answer.

Order modified, on the law and the facts, without costs, by allowing defendant to serve an answer within 20 days after service of a copy of the order to be entered upon this court's decision with notice of entry, and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.