■ In the Matter of WEYMAN A. CAREY et al., Respondents-Appellants, v ERNEST N. FOSTER, Appellant-Respondent, et al., Respondent.—In a proceeding to invalidate a petition designating Ernest N. Foster as a candidate in the Democratic Party primary election to be held on September 11, 1990, for the nomination of that party as its candidate for the public office of Member of the Assembly from the 42nd Assembly District, Ernest N. Foster appeals from a judgment of the Supreme Court, Kings County (Kramer, J.), dated August 14, 1990, which, after a hearing, granted the application, and the petitioners cross-appeal from the judgment.

Ordered that the cross appeal is dismissed, without costs or disbursements *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539; *Matter of Stark v Friedman,* 122 AD2d 909); and it is further,

Ordered that on the appeal by Ernest N. Foster, the judgment is affirmed, without costs or disbursements.

The hearing court properly determined that Ernest N. Foster is not qualified to run as a candidate for Member of the Assembly from the 42nd Assembly District since he was neither a resident of the State of New York for five years nor a resident of the Assembly District for 12 months preceding the election in which he sought to run (NY Const, art III, § 7). In addition to evidence adduced at the hearing indicating that Mr. Foster was a resident of Florida, there was ample evidence establishing that even if, at the relevant times, he was a New York resident, he was not a resident of the 42nd Assembly District. Although Mr. Foster owned a building within the 42nd Assembly District, there was no evidence establishing that he resided at that location. Additionally, when questioned at the hearing about his residency status in Florida, Mr. Foster chose to invoke his Fifth Amendment right against self-incrimination. Thus, it is proper to infer that evidence was withheld because it would have been unfavorable to him *(see, Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31; Richardson, Evidence §§ 92, 524 [Prince 10th ed]).

In light of this determination, we need not address the petitioners' contention that the designating petition was permeated with fraud. Bracken, J. P., Rubin, Harwood, Rosenblatt and Miller, JJ., concur.