■ Lillian B. Jannon et al., Respondents, v Keith Van Buskirk, Appellant. [642 NYS2d 402] —Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered February 15, 1995 in Warren County, which partially denied defendant's motion to vacate a default judgment entered against him.

In January 1986, defendant sold plaintiffs a lot in a subdivision in the Town of Bolton, Warren County, for $45,000. Alleging that subsequent action by the Adirondack Park Agency resulted in a "disallowance" of subdivision approval, in September 1993 plaintiffs commenced this action either to compel defendant to clear title to the property or for money damages in the amount of $78,267.70. Upon defendant's failure to timely answer the complaint, plaintiffs applied to the clerk for entry of a default judgment pursuant to CPLR 3215 (a). On December 6, 1994, judgment was entered in the amount of $85,714.09. One week later, defendant brought this motion for an order vacating the default judgment. Supreme Court granted the application to the extent of "vacat[ing] the judgment * * * as to the amount of damages and [allowing] the parties an opportunity to litigate the amount owed by defendant". Defendant appeals.

We agree with defendant that, because plaintiffs' damage claim was not "for a sum certain or for a sum which can by computation be made certain" (CPLR 3215 [a]), the clerk was without authority to enter the judgment. Under the circumstances, plaintiffs' proper course was to apply to the court for judgment and the assessment of damages (CPLR 3215 [a], [b]). Rather than vacate only the damage component of the judgment, however, Supreme Court should have vacated the judg-

ment in its entirety (*see, General Elec. Tech. Servs. Co. v Perez,* 156 AD2d 781, 784). We shall modify its order accordingly.

It should be noted that, although defendant's order to show cause also contained a request that plaintiffs be ordered "to accept service of the verified answer herein", our reading of the record and briefs evidences a lack of recognition by the parties and Supreme Court that defendant may not be permitted to interpose an answer absent orders both vacating the improperly entered judgment and relieving him of his significant pleading default (*see, supra*). Although all appear to labor under the misapprehension that vacatur of the default judgment will restore defendant to his predefault status, in fact, it will entitle him to nothing more than the inquest that Supreme Court has already granted. For that reason, we shall treat the motion as having been made and decided solely on the ground that the clerk was not authorized to enter judgment in favor of plaintiff. Following the entry of our order, defendant should be permitted to move pursuant to CPLR 3012 (d) to compel acceptance of his late answer, should he be so advised. We express no opinion as to the merit of any such application.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to vacate the default judgment entered against him; motion granted and judgment entered against defendant vacated; and, as so modified, affirmed.