■ ELIO CERRONE, Respondent, v MARIA FASULO et al., Appellants. [665 NYS2d 761] —Cardona, P. J. Appeal from an order of the Supreme Court (Dier, J.), entered September 9, 1996 in Warren County, which, *inter alia*, denied defendants' motion to vacate a judgment of foreclosure entered against them.

Defendants Maria Fasulo and Stefano Fasulo are the owners of a parcel of commercial property located on US Route 9 in the Town of Queensbury, Warren County. In August 1995, Stefano Fasulo, along with four other shareholders, formed defendant Rotisserie Fresno, Inc. for the purpose of operating a restaurant on the premises. One of the shareholders, Cerrone Builders, Inc., is a closely held corporation owned by plaintiff. In September 1995, plaintiff allegedly loaned the sum of $60,000 to Maria Fasulo as evidenced by a promissory note signed by her on September 29, 1995. As security for the loan, the Fasulos executed a mortgage on the same date covering the real property on which the restaurant was located.

Maria Fasulo defaulted on the loan prompting plaintiff to commence this foreclosure action in March 1996. The Fasulos aver that they immediately forwarded the papers to their attorney. The attorney obtained extensions of time to answer the complaint from plaintiff's attorney while the parties engaged in settlement negotiations. When it became apparent that a settlement could not be reached, the Fasulos notified their attorney on May 16, 1996 that they would be seeking new counsel. The attorney informed them on May 22, 1996 that their time to answer the complaint was extended to May 29, 1996.

Meanwhile, on or about May 17, 1996, the Fasulos retained the services of a mortgage company, Unified Capital Services, to handle the financial and legal problems pertaining to plaintiff's mortgage. A principal at Unified purportedly represented to the Fasulos that its attorneys would handle the foreclosure action and, on May 17, 1996, the Fasulos executed separate *pro se* verified answers that they claim were prepared by Unified; however, they were never served upon plaintiff. Plaintiff made an ex parte application for a default judgment on June 5, 1996. Prior to making the application, plaintiff's attorney provided the Fasulos' former attorney with a courtesy copy of the papers; however, the attorney made no response on

their behalf but did notify them in late June 1996 that a default judgment had been entered. Defendants immediately retained a new attorney to attempt to vacate the default judgment. Their motion was denied by Supreme Court resulting in this appeal.

We reverse. It is well settled that the proponent of a motion to vacate a default judgment must demonstrate a reasonable excuse for the default and a meritorious defense (*see*, CPLR 5015 [a] [1]; *Stow Mfg. Co. v F & K Supply*, 232 AD2d 958). Regarding the issue of excuse for the delay, the Fasulos confirm that, while acting *pro se*, they imprudently relied upon Unified to serve the answers prior to the expiration of their time to respond. Upon learning of the default, the Fasulos promptly retained legal counsel who immediately sought to vacate the default (*cf.*, *Bardi v Mosher*, 235 AD2d 869). Under these circumstances, defendants' default may be permissibly attributed to excusable "law office failure" (*cf.*, *Bellcourt v Bellcourt*, 169 AD2d 855). Furthermore, the record reveals questions of fact as to the merits in the underlying foreclosure action, particularly with respect to, *inter alia*, the issue of consideration for the loan.

Thus, given the questions of fact as to merit, the brief delay, the lack of intention on defendants' part to default, the failure of plaintiff to demonstrate any prejudice attributable to the delay and the policy preference in favor of resolving disputes on the merits, we conclude that defendants' untimeliness should have been excused in this instance (*see*, *Zablocki v Straley*, 173 AD2d 1015, 1016).

Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the facts, without costs, motion granted and default judgment vacated.