■ STEEL KRAFTS BUILDING MATERIALS & SUPPLIES, INC., Appellant, v JAMES D. KOMAZENSKI, Respondent. [675 NYS2d 393] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered July 25, 1997 in Rensselaer County, which granted defendant's motion to vacate a default judgment in favor of plaintiff.

Defendant was the president of Valley Home Improvement, Inc. (hereinafter VHI), a construction company for which a petition in bankruptcy was filed May 1, 1996. Both VHI and defendant, in his individual capacity, had been served March 15, 1996 with a summons relating to plaintiff's breach of contract action arising out of VHI's nonpayment of over $6,800, a corporate debt which, plaintiff alleged, had been personally guaranteed by defendant. When issue was not joined, Supreme Court granted plaintiff's motion for a default judgment. Defendant's subsequent motion for vacatur of the default judgment, made in his individual capacity, was granted. Plaintiff appeals.

To succeed on a motion for vacatur of a default judgment, the movant must demonstrate a reasonable excuse for the

default and a meritorious defense to the underlying claim (*see, Bonded Concrete v Audino*, 244 AD2d 647, 648-649). The determination of whether the movant has satisfied these criteria is generally left to the sound discretion of the trial court, whose decision will not be disturbed if there is support in the record therefor (*see, Stow Mfg. Co. v F & K Supply*, 232 AD2d 958, 959). We find that both conditions were satisfied here.

Defendant's excuse for the default was his belief that a response to plaintiff's action was being handled by VHI's bankruptcy attorney, to whom he had referred plaintiff's summons, based upon a claim that was one of several for which VHI's attorney was attempting to negotiate a repayment schedule. We find this excuse sufficiently reasonable to satisfy the first prong of the test, cited above, in that it demonstrates that defendant did not intend to ignore the claim but was operating under the assumption that it was being addressed by counsel. We further find that defendant satisfied the second prong of the test by demonstrating a viable defense to plaintiff's claim, i.e., his contention that he signed the agreement in question as a corporate officer and not in his individual capacity, noting that the document under review is not unambiguously a personal guarantee (*see, Crisafulli Bros. v Kilmartin*, 100 AD2d 678). Based upon the record before us, we find no abuse of discretion in Supreme Court's grant of the motion for vacatur, particularly in view of the preference that a case be determined on its merits (*see, Martin v Pitcher*, 243 AD2d 1023).

Mikoll, J. P., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.