■ ACTION LAWN & LANDSCAPING, INC., Doing Business as ACTION CONSTRUCTION COMPANY, et al., Respondents, v EAST GLENVILLE FIRE DISTRICT et al., Defendants, and J.N. FUTIA COMPANY, INC., et al., Appellants. [678 NYS2d 826] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Lynch, J.), entered October 22, 1997 in Schenectady County, which, *inter alia*, denied a motion by defendant J.N. Futia Company, Inc. to vacate default judgments entered against it, (2) from an order of said court, entered November 14, 1997 in Schenectady County, which, *inter alia*, denied a motion by J.N. Futia Company, Inc. to declare the default judgments a nullity, and (3) from an order of said court, entered January 12, 1998 in Schenectady County, which granted a motion by plaintiff Action Lawn & Landscaping, Inc. for counsel fees.

Plaintiffs commenced this action by summons and verified complaint alleging, *inter alia*, breach of contract, unjust enrichment and the foreclosure of mechanics' liens stemming from a May 1996 contract worth $115,000 in which defendant J.N. Futia Company, Inc. (hereinafter defendant) hired plaintiff Action Lawn & Landscaping, Inc. as a subcontractor on a public

improvement project for defendant East Glenville Fire District. In turn, Action hired plaintiff Best Paving & Sealcoating, Inc. as its subcontractor to perform work on the project. Although the complaint acknowledged that defendant made payments to plaintiffs exceeding $100,000, Action and Best claimed damages of $46,993 and $8,804, respectively, largely for unpaid change orders.

On August 15, 1997, defendant's president was personally served with the summons and complaint which he forwarded to defendant's then attorney, John Chestara. Claiming that they never received an answer, plaintiffs filed default judgments with the Schenectady County Clerk on October 8, 1997 pursuant to CPLR 3215 (a) for the amounts recited in the complaint and immediately filed restraining notices against defendant's bank accounts.

By order to show cause dated October 16, 1997, defendant moved to vacate the default judgments and to stay enforcement claiming that the frozen accounts contained Lien Law trust funds. Included among the motion papers were affidavits from Chestara and defendant's president, as well as a copy of an unverified answer that Chestara averred he had personally prepared and mailed on or about September 2, 1997.[1] In an order entered October 22, 1997, Supreme Court denied defendant's motion to vacate the default judgments.

On October 24, 1997, defendant moved to have the default judgments declared null and void due to the absence of the County Clerk's signature on the original filed judgments and to allow the filing of a late answer pursuant to CPLR 3012 (d). Plaintiffs cross-moved for nunc pro tunc amendment of their judgments to add the signature of the County Clerk and for counsel fees. In an order entered November 13, 1997, Supreme Court granted plaintiffs partial relief, curing what it found to be a ministerial error, but denied counsel fees and defendant's request to file a late answer.

On November 21, 1997 by order to show cause, defendant moved pursuant to CPLR 5204 for an order releasing all restraints on its bank accounts based upon the fact that it had secured an appeal bond in the amount of $75,000. Plaintiffs did not oppose this motion but repeated their earlier request for an award of counsel fees. In an order entered January 12, 1998, Supreme Court granted defendant's motion releasing the accounts but ordered that it pay plaintiffs $2,000 in counsel fees.

---

1. Before the return date of the order to show cause, Chestara was arrested on unrelated charges and defendant retained new counsel, who appeared on defendant's behalf based on the papers filed by Chestara.

Defendant filed notices of appeal from all three orders and these appeals have been consolidated for determination before this Court.[2]

Initially, we note that because plaintiffs' claims for additional work were not "for a sum certain or for a sum which can by computation be made certain" (CPLR 3215 [a]; *see, Tutera v Nagel*, 160 AD2d 1058), the County Clerk was without authority to enter the judgments and plaintiffs' proper course, even assuming a valid default, was to apply to the court for an assessment of damages (*see*, CPLR 3215 [a], [b]). Since that did not occur, Supreme Court should have vacated the judgments in their entirety (*see, Jannon v Van Buskirk*, 227 AD2d 844, 845; *see also*, Siegel, NY Prac § 293, at 422 [2d ed]).

In any event, we agree with defendant that even if there was indeed a default, it should have been excused under these circumstances. Clearly, "there is a preference that disputes be resolved on their merits" (*Fishman v Beach*, 246 AD2d 779, 780), but "a party seeking to vacate a default judgment must demonstrate a reasonable excuse for default and a meritorious defense" (*id.*, at 780). With respect to reasonable excuse, we note that defendant acted promptly in moving to vacate and that Chestara averred that he personally mailed the answer during a period of confusion after his secretary left his employ. More importantly, Chestara had many prior contacts with plaintiffs' attorneys involving not only the subject contract but other construction disputes between the very same parties, all of which demonstrated defendant's intention not to default on such matters. In fact, defendant had previously obtained court approval to have the subject mechanics' liens discharged by filing an appropriate bond. Even if Chestara failed to follow proper procedures in filing an answer, law office failure is a reasonable excuse, especially in light of defendant's swift action to cure (*see, Cerrone v Fasulo*, 245 AD2d 793; *Busa v Busa*, 196 AD2d 267).

Defendant also made a " 'prima facie showing of legal merit' " (*Dwyer v West Bradford Corp.*, 188 AD2d 813, 815, quoting *David Sanders, P. C. v Sanders, Architects*, 140 AD2d 787, 789), contesting both liability and the amount of damages sought by plaintiffs (*see, Cerrone v Fasulo, supra*; *see also, Burlew-Watkins v Wood*, 225 AD2d 973). We also note that plaintiffs will suffer no prejudice in the event the default judgments are vacated since both a mechanics' lien bond and a separate ap-

---

2. Although defendant Contractors Casualty and Surety Company is listed on defendant's notice of appeal from the October 22, 1997 order, that party has not participated in the subject proceedings.

peal bond are in place, doubly securing the payment of any judgment should they prevail on the merits.

Finally, we have examined defendant's challenge to Supreme Court's imposition of counsel fees and conclude that the court did not abuse its discretion in the award given the particular circumstances of this case, including defendant's explicit offer to pay such fees.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the order entered October 22, 1997 is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant J.N. Futia Company, Inc. to vacate the default judgments entered against it and direct plaintiffs to accept the answer; motion granted, judgments entered against said defendant vacated, and said defendant permitted to serve a properly verified answer within 20 days after the date of this Court's decision; and, as so modified, affirmed. Ordered that the appeal from the order entered November 14, 1997 is dismissed, as moot, without costs. Ordered that the order entered January 12, 1998 is affirmed, without costs.