■ HARRY E. GIBBS, Appellant, v HOOT OWL SPORTSMAN'S CLUB, INC., et al., Respondents. [684 NYS2d 359] —Cardona, P. J. Appeal from an order of the Supreme Court (Ferradino, J.), entered October 28, 1997 in Fulton County, which granted a motion by certain defendants to vacate a default judgment entered against them.

Prior to March 1994, plaintiff was a member of defendant Hoot Owl Sportsman's Club, Inc. (hereinafter the Club). His membership was canceled after he was convicted of a crime. In February 1996, plaintiff commenced this action against the Club and its individual members asserting various claims,

including a cause of action for conversion based upon certain money and property he allegedly contributed to the Club.

Defendants Howard Fletcher, Francis Zevola, Richard Leo, Stanley Vainauskas, David Devries, Ken Schmidt and the Club (hereinafter collectively referred to as defendants) appeared in the action via a notice of appearance. Plaintiff granted defendants an indefinite extension of time to serve an answer in order to attempt to settle the matter. When negotiations failed, after various communications, June 28, 1996 was set as the deadline for submission of the answer. In October 1996, following defendants' failure to serve an answer or to provide plaintiff with a further settlement proposal, plaintiff obtained a default judgment in the amount of $25,000 plus costs and disbursements on the conversion cause of action. Notably, the default judgment was obtained by application to the Court Clerk and not Supreme Court. Defendants made a motion to vacate the default judgment which was granted by Supreme Court. This appeal ensued.

We affirm. CPLR 3215 (a) provides that an application for a default judgment may be addressed to the court clerk when "the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain". "The term 'sum certain' * * * contemplates a situation in which * * * there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments" (*Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572; *see, General Elec. Tech. Servs. Co. v Perez*, 156 AD2d 781, 784). Where a default judgment is entered by the clerk on a cause of action that is not for a sum certain, the appropriate remedy is vacatur of the judgment in its entirety (*see, Jannon v Van Buskirk*, 227 AD2d 844, 844-845).

Turning to the instant case, the damages allegedly suffered by plaintiff in the cause of action for conversion are not readily ascertainable from the record. Rather, extrinsic proof is necessary to establish the nature and value of the property plaintiff claims the Club improperly converted to its own use. The proper procedure that plaintiff should have followed was to apply to Supreme Court for a judgment and assessment of damages (*see,* CPLR 3215 [a], [b]; *Jannon v Van Buskirk, supra,* at 844). Plaintiff argues, relying upon *Falso v Norton* (89 AD2d 635), that this Court should not excuse defendants' default in pleading and should direct an inquest to assess damages in the event it concludes that the default judgment was improperly entered. We disagree. Our decision in *Falso v Norton (supra)* is distinguishable from the instant case since it involved an ap-

plication to the court for a default judgment. Under the circumstances presented here, Supreme Court properly vacated the default judgment in its entirety (see, Jannon v Van Buskirk, supra). In view of our disposition, we need not address the parties' remaining contentions.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.