█ In the Matter of TWIN TOWERS ASSOCIATES, LIMITED PARTNERSHIP OF ALBANY, Respondent, v BOARD OF ASSESSORS OF THE CITY OF ALBANY et al., Appellants. (And Two Other Related Proceedings.) [689 NYS2d 727] —Peters, J. Appeal from an order of the Supreme Court (Lang, Jr., J.), entered September 28, 1998 in Albany County, which, in three proceedings pursuant to RPTL article 7, partially granted petitioner's motion to vacate a prior order of the court.

Petitioner commenced these proceedings to review the $3,830,400 real property tax assessment imposed upon its property for the 1995-1996, 1996-1997 and 1997-1998 tax years.* Located at 99 Washington Avenue in the City of Albany, this 20-story, 909,292 square-foot office building is the largest nongovernmental, nonexempt assessment in the City.

At a preliminary conference held on October 9, 1997, a scheduling order was executed by the parties and Supreme Court requiring, inter alia, that petitioner file an appraisal report, pursuant to 22 NYCRR 202.59, by March 1, 1998. Should petitioner fail to do so, it provided that the proceedings would be dismissed without further order of the court. In late January or early February 1998, petitioner's counsel anticipated that the requisite appraisal of such a large and complicated property might not be completed on time and, therefore, requested and received an extension of time from respondents. Consequently, an amended scheduling order was executed by the parties and the court requiring petitioner to file an appraisal report by May 15, 1998.

It is alleged that on May 11, 1998, petitioner's counsel again recognized that the appraiser would be unable to complete the report by May 15, 1998. Consequently, petitioner's counsel contacted respondents' tax certiorari consultant, Lawrence Farbstein, to so advise him and, according to petitioner, Farbstein orally agreed to an extension provided that respondent would be given a similar courtesy when the time came for its filing. Petitioner contends that its counsel reported the status of their appraisal to either Farbstein or respondents on a weekly basis and that both had discussed the possibility of a settlement.

Approximately one month after the May 15, 1998 deadline,

---

* While petitioner also commenced a proceeding to review the real property tax assessment for the 1998-1999 tax year, that proceeding was not included in the order of Supreme Court from which this appeal was taken.

respondents contacted Supreme Court to confirm that petitioner had not yet filed its appraisal report. After receiving the appraisal on June 17, 1998, petitioner's counsel contends that he immediately phoned both Farbstein and counsel for respondents who advised him to refrain from filing while respondents contemplated their options, including the option of scheduling a settlement conference. On June 19, 1998, petitioner alleges that respondents advised him to file the appraisal and it was so done. According to petitioner, it was at this time that respondents first indicated that they would likely oppose the filing. Accordingly, on June 29, 1998, respondents advised the court that they would not file their appraisal report since the proceedings should be dismissed in accordance with the amended scheduling order.

On July 7, 1998, counsel for petitioner promptly requested a conference in an effort to resolve the dispute. By letter dated July 10, 1998, counsel for respondents objected to the scheduling of a conference and alleged that no such oral agreement to extend the deadlines was entered into and that, had such an agreement been reached, it would have been reduced to a written document. Denying petitioner's contention that weekly reports were provided concerning the status of the appraisal report, respondents admitted that there were "occasional conversations" concerning settlement.

On August 6, 1998, petitioner moved to vacate and/or amend the February 13, 1998 amended scheduling order which provided for the dismissal of the proceedings. Notwithstanding respondents' opposition, Supreme Court granted petitioner's motion to the extent that the submission was deemed timely. Respondents appeal.

It is by now well settled that a default judgment may be vacated if the moving party can establish both a reasonable excuse for the default and the existence of a meritorious defense (see, CPLR 5015 [a] [1]; *Action Lawn & Landscaping v East Glenville Fire Dist.*, 254 AD2d 585; *Steel Krafts Bldg. Materials & Supplies v Komazenski*, 252 AD2d 731; *Cerrone v Fasulo*, 245 AD2d 793; *Martin v Pitcher*, 243 AD2d 1023). As the determination of whether the proponent of such motion has satisfied these elements rests within "the sound discretion of the trial court, whose decision will not be disturbed if there is support in the record therefor" (*Steel Krafts Bldg. Materials & Supplies v Komazenski, supra*, at 732), we find the vacatur to have been proper.

Although there exists a dispute as to whether there was an oral agreement to extend the filing deadline, we find, in the

absence of evidence to the contrary, that petitioner's counsel engaged in diligent efforts to secure such report and advise respondents of its status. Throughout such purported extension of time, there further exists evidence of ongoing settlement negotiations. As the inability to obtain services of an expert in a timely manner, under these circumstances, has constituted law office failure (*see, Hammer v Hochberg*, 128 AD2d 834), and since the record clearly demonstrates that petitioner's delay in filing was not willful (*see, Action Lawn & Landscaping v East Glenville Fire Dist., supra; Steel Krafts Bldg. Materials & Supplies v Komazenski, supra*), we find no abuse of Supreme Court's discretion in vacating the default.

Turning to the merits of petitioner's claim, the affidavits in support of petitioner's motion, as well as the allegations in each of the petitions, fully satisfy the requisite prima facie showing of legal merit (*see, Dwyer v West Bradford Corp.*, 188 AD2d 813). Notably, since respondents admitted that they would have agreed to a written extension of time and that negotiations continued past the May 15, 1998 deadline, no prejudice can be found to have inured to respondents as a result of Supreme Court's order. Finally, in light of petitioner's swift action to cure, and our preference that disputes of this kind be resolved on the merits (*see, Cerrone v Fasulo*, 245 AD2d 793, *supra*), we affirm the order of Supreme Court.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.