■ In the Matter of PHYLLIS BOURGES et al., Appellants, v KENNETH P. LEBLANC et al., Respondents. [746 NYS2d 411] —Per Curiam.

Petitioners commenced this proceeding seeking to invalidate the designating petitions of respondent Kenneth P. LeBlanc (hereinafter respondent) as the Independence Party and Democratic Party candidate for the public office of Member of New York State Assembly, 99th Assembly District, because respondent does not meet the residency requirements for a

member of the Legislature as set forth in NY Constitution, article III, § 7. The matter was commenced by a petition and an order to show cause authorizing service upon respondent by "express mail" on or before August 8, 2002. On the return date, August 12, 2002, respondent failed to appear and Supreme Court (Malone, Jr., J.) granted a default judgment which, inter alia, invalidated respondent's designating petitions.

By order to show cause dated and served on August 15, 2002, respondent sought to vacate the default asserting, among other things, that he was out of town and did not know of the proceedings until August 13, 2002. Supreme Court (Teresi, J.) determined that respondent's default was excusable and respondent had shown a meritorious defense, and it vacated the default. Upon the parties' submission of a stipulated set of facts, Supreme Court dismissed the original petition and ordered that respondent's name be restored to the primary election ballots. Petitioners appeal.

Initially, given respondent's lack of actual notice prior to the return date, the novel issue presented and his prompt motion to vacate, we cannot say that Supreme Court abused its discretion in vacating the default (*see Matter of Twin Towers Assoc. Ltd. Partnership of Albany v Board of Assessors of City of Albany*, 261 AD2d 705, 706; *see also* CPLR 5015 [a] [1]). We agree, however, with petitioners' contention that NY Constitution, article III, § 7 mandates that a candidate for the Legislature cannot serve unless he or she has been a resident of New York during the five years "immediately preceding his or her election" (NY Const, art III, § 7). As we see it, both the state and Assembly district residency requirements set forth in NY Constitution, article III, § 7 must be fulfilled by continuous residence immediately prior to the election (*see Matter of Robertson v Foster*, 185 AD2d 963, *lv denied* 80 NY2d 755; *see also Matter of Carey v Foster*, 164 AD2d 930, *lv denied* 76 NY2d 705). Thus, as respondent has stipulated that he has not continuously resided in the state for the five years immediately preceding the election, his designating petitions should be invalidated.

Cardona, P.J., Mercure, Peters, Spain and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the petition; petition granted and the designating petitions naming respondent Kenneth P. LeBlanc as an Independence Party and Democratic Party candidate for the public office of Member of New York State Assembly, 99th Assembly District, are hereby declared invalid; and, as so modified, affirmed.