■ AYRES MEMORIAL ANIMAL SHELTER, INC., Appellant, v MONTGOMERY COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, Respondent. [793 NYS2d 608]—

Mercure, J.P. Appeal from an order and amended order of the Supreme Court (Sise, J.), entered November 26, 2003 and December 3, 2003 in Montgomery County, which, inter alia, granted defendant's motion to vacate a default judgment entered against it.

Upon defendant's failure to timely answer the complaint, plaintiff applied pursuant to CPLR 3215 (a) to the County Clerk for a default judgment in the amount of $78,759.66, which was entered by the County Clerk. Less than one month later, defendant moved by order to show cause for an order permitting defendant to, among other things, open the default judgment and serve an answer to the complaint. Supreme Court granted all of the relief sought by defendant. Plaintiff appeals, and we affirm.

In this action, plaintiff is seeking reimbursement from defendant for the cost of boarding certain domestic animals for a significant period of time. The complaint sounds in quantum me-

ruit (*see Precision Founds. v Ives*, 4 AD3d 589, 591 [2004]); clearly it is not a claim "for a sum certain or for a sum which can by computation be made certain" (CPLR 3215 [a]; *see Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572 [1978]; *General Elec. Tech. Servs. Co. v Perez*, 156 AD2d 781, 784 [1989]). Thus, the County Clerk lacked authority to enter the default judgment (*see Action Lawn & Landscaping v East Glenville Fire Dist.*, 254 AD2d 585, 587 [1998]; *Jannon v Van Buskirk*, 227 AD2d 844 [1996]; *Tutera v Nagel*, 160 AD2d 1058 [1990]). Given that the default judgment was a nullity, the motion to vacate it did not require defendant to set forth a reasonable excuse for the default or a meritorious defense to the action (*see Gibbs v Hoot Owl Sportsman's Club*, 257 AD2d 942, 943-944 [1999]; *White v Weiler*, 255 AD2d 952 [1998]; *Tutera v Nagel, supra*; *see also* CPLR 5015 [a] [4]). Directing a hearing on damages without granting defendant leave to answer may have been proper if plaintiff had sought a default judgment from Supreme Court (*see* CPLR 3215 [a], [b]; *see also Gibbs v Hoot Owl Sportsman's Club, supra*), but where, as here, the default judgment was improperly obtained through the County Clerk, Supreme Court properly vacated the default judgment in its entirety (*see Gibbs v Hoot Owl Sportsman's Club, supra*; *Action Lawn & Landscaping v East Glenville Fire Dist., supra* at 587; *Jannon v Van Buskirk, supra* at 844-845).

Nor did Supreme Court abuse its discretion in permitting defendant to serve a late answer to the complaint. Defendant's submission in support of the order to show cause established that defendant gave the summons and complaint to its insurance agent upon receipt thereof, and defendant's default in answering was attributable to the insurance company's failure to properly obtain counsel, a reasonable excuse for the delay in this matter (*see* CPLR 3012 [d]; *Winney v County of Saratoga*, 252 AD2d 882, 884 [1998]; *Lucas v United Helpers Cedars Nursing Home*, 239 AD2d 853 [1997]; *see also Cerrone v Fasulo*, 245 AD2d 793, 794 [1997]; *cf. Pagano v U.W. Marx, Inc.*, 223 AD2d 817, 818 [1996]). We note that plaintiff failed to show either that the default was willful or that it was prejudiced thereby and CPLR 3012 (d) does not require a showing of merit as a precondition to obtaining relief where, as here, the delay is of relatively short duration (*see Aabel v Town of Poughkeepsie*, 301 AD2d 739, 740 [2003]).

Crew III, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order and amended order are affirmed, with costs.