■ VERDE ELECTRIC CORPORATION, Respondent, v FEDERAL INSURANCE COMPANY, Appellant, et al., Defendants. [854 NYS2d 531]—

In an action, inter alia, to recover on a payment bond issued pursuant to State Finance Law § 137, the defendant Federal Insurance Company appeals from an order of the Supreme Court, Westchester County (Scheinkman, J.), dated September 12, 2007, which denied its motion to vacate a clerk's judgment of the same court dated May 31, 2007, entered upon its default in appearing and answering the complaint, and, in effect, to compel the plaintiff to accept its answer.

Ordered that the order is reversed, on the law, the facts, and in the exercise of discretion, with costs, the motion of the defendant Federal Insurance Company to vacate the clerk's judgment and, in effect, to compel the plaintiff to accept its answer is granted, the clerk's judgment is vacated, and the answer of the defendant Federal Insurance Company is deemed timely served.

A defendant seeking to vacate a judgment, including a clerk's judgment, entered upon its default in appearing and answering the complaint must demonstrate a reasonable excuse for its

delay in appearing and answering, and a meritorious defense to the action (see CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]). Here, the defendant Federal Insurance Company (hereinafter Federal Insurance) demonstrated a reasonable excuse for the short period of time in which it failed either to appear or answer the complaint (*cf.* CPLR 2005). Federal Insurance also demonstrated that it had a potentially meritorious defense (*cf. Palcon Indus. v Travelers Indem. Co.,* 114 AD2d 667 [1985]). Moreover, the plaintiff did not demonstrate prejudice from the relatively short delay in answering, which was not willful, and public policy favors the resolution of cases on their merits (see *Cooney v Cambridge Mgt. & Realty Corp.,* 35 AD3d 522, 523 [2006]; *Ubaydov v Kenny's Fleet Maintenance, Inc.,* 31 AD3d 536 [2006]). Under these circumstances, the Supreme Court improvidently exercised its discretion in denying the motion of Federal Insurance to vacate the clerk's judgment, and, in effect, to compel acceptance of its answer (see CPLR 3012 [d]).

Furthermore, Federal Insurance correctly contends that, under the circumstances, the clerk did not have the authority to enter a clerk's judgment here, as he was only authorized to enter a clerk's judgment if the plaintiff sought to recover a "sum certain" (CPLR 3215 [a]; see *Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 572 [1978]; *Ayres Mem. Animal Shelter, Inc. v Montgomery County Socy. for Prevention of Cruelty to Animals,* 17 AD3d 904, 904-905 [2005]; *Gaynor & Bass v Arcadipane,* 268 AD2d 296, 297 [2000]; *Maxwell v First Port Jefferson Corp.,* 31 AD2d 813 [1969]; *Geer, Du Bois & Co. v Scott & Sons Co.,* 25 AD2d 423, 423-424 [1966]). This constitutes another basis for the vacatur of the clerk's judgment (see *Ayres Mem. Animal Shelter, Inc. v Montgomery County Socy. for Prevention of Cruelty to Animals,* 17 AD3d at 905; *Gibbs v Hoot Owl Sportsman's Club,* 257 AD2d 942, 943-944 [1999]; *Jannon v Van Buskirk,* 227 AD2d 844, 844-845 [1996]). Although Federal Insurance only sought vacatur of the clerk's judgment pursuant to CPLR 5015 (a) (1), this Court can entertain an argument made for the first time on appeal where, as here, it presents an issue of law that appears on the face of the record, and could not have been avoided had it been raised at the proper juncture (see *Chrostowski v Chow,* 37 AD3d 638, 639 [2007]; *Beepat v James,* 303 AD2d 345, 346 [2003]; *Hanna v Ford Motor Co.,* 252 AD2d 478 [1998]; *cf. White v Weiler,* 255 AD2d 952, 952-953 [1998]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.