■ DENNIS E. KOSTUN, Respondent, v DAVID GOWER et al., Defendants, and JENNIFER M. CIMAOMO, Appellant. [877 NYS2d 529]—

Spain, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered May 28, 2008 in Broome County, which, among other things, granted plaintiff's motion for a default judgment against defendant Jennifer M. Cimaomo.

Plaintiff was the victim of a brutal attack in August 2002 which rendered him a quadriplegic. He commenced this action in 2003 against the two individuals who personally caused his injuries, as well as several other individuals who were present and allegedly conspired in the assault. One such defendant, defendant Jennifer M. Cimaomo (hereinafter defendant), failed to timely answer and, in 2007, plaintiff moved for a default judgment as to liability against her. Over defendant's opposition, Supreme Court found defendant in default. Defendant now appeals.[1]

In considering an application for a default judgment, a court must ascertain whether "the defendant demonstrated a reasonable excuse for the default and a meritorious defense" (*Drucker v Ward*, 293 AD2d 891, 891-892 [2002]). In addition, courts have the inherent power to forgive even an unexplained default "in the interest of justice" (*B.U.D. Sheetmetal v Massachusetts Bay Ins. Co.*, 248 AD2d 856, 856 [1998]; *see Wade v Village of Whitehall*, 46 AD3d 1302, 1303 [2007]). Here, defendant admits accompanying a group of individuals to confront plaintiff, but alleges that she did not take any part in the planning or execution of the assault. After reviewing the record, we find that defendant has met her burden of demonstrating viable questions of fact as to whether she conspired or otherwise participated in the assault. Hence, she demonstrated a potentially meritorious defense (*see Cippitelli v Town of Niskayuna*, 277 AD2d 540, 542

---

1. While no appeal generally lies from an order entered upon default (*see* CPLR 5511), that prohibition does not apply where, as here, the defaulting party appears and contests the application for a default judgment (*see ABS 1200, LLC v Kudriashova*, 60 AD3d 1164, 1165 n 3 [2009]; *Robert Marini Bldr. v Rao*, 263 AD2d 846, 848 [1999]).

[2000]; *Cerrone v Fasulo*, 245 AD2d 793, 794 [1997]; *see also Poree v Bynum*, 56 AD3d 261, 262 [2008]).

Turning to the issue of excuse, it is conceded that defendant's answer was untimely; although she was obligated to answer within 20 days of personal service, which occurred on September 15, 2003 (*see* CPLR 320 [a]), she did not serve her answer until October 27, 2003. However on October 8, 2003, at which point defendant's answer was late by three days, she was again served with the same summons and complaint by mail. Acting pro se, rather than seek an extension of her time to answer, defendant simply answered as if her time to answer began to run anew from the second service. We find this situation akin to those where we have held that "defendant['s] default may be permissibly attributed to excusable 'law office failure' " (*Cerrone v Fasulo*, 245 AD2d at 794). Further, although defendant failed to take any immediate action after plaintiff returned her answer as untimely, when notified of the impending default she promptly obtained counsel who appeared pro bono to oppose entry of the default judgment.

On this record, moreover, it appears that defendant's default was not willful and that plaintiff was not prejudiced by her delay in answering (*see Drucker v Ward*, 293 AD2d at 892).[2] Indeed, "it is readily apparent that defendant[ ] did not intend to abandon [her] defense in this action" (*Rickert v Chestara*, 56 AD3d 941, 942 [2008]). "Thus, given the questions of fact as to merit, the brief delay, the lack of intention on defendant['s] part to default, the failure of plaintiff to demonstrate any prejudice attributable to the delay and the policy preference in favor of resolving disputes on the merits, we conclude that defendant['s] untimeliness should have been excused in this instance" (*Cerrone v Fasulo*, 245 AD2d at 794 [citation omitted]; *see Rickert v Chestara*, 56 AD3d at 942; *Wade v Village of Whitehall*, 46 AD3d at 1303; *Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]).

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for a default judgment against defendant Jennifer M. Cimaomo; motion denied to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

**2.** Notably, plaintiff's motion for a default judgment against defendant was not made until August 16, 2007, more than 3½ years after rejecting defendant's answer.