■ CONGREGATION CHAIM BARUCHA, Respondent, v ARON FRIEDMAN, Appellant. [879 NYS2d 565]—

In an action to recover for damage to property, the defendant appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated October 29, 2008, which denied his motion to vacate a clerk's judgment of the same court entered May 19, 2008, upon his default in appearing and answering the complaint and, in effect, for leave to serve an answer.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to vacate the clerk's judgment and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant.

In the instant action, the plaintiff seeks to recover damages it allegedly sustained as a result of the loss of certain allegedly "rare and valuable" books it loaned to the defendant, who defaulted in appearing and answering the complaint. The defendant failed to establish a reasonable excuse for the default or a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]).

However, because the plaintiff is not seeking to recover a "sum certain" (CPLR 3215 [a]) from the defendant (*see Gibbs v Hoot Owl Sportsman's Club*, 257 AD2d 942, 943 [1999]; *White v Weiler*, 255 AD2d 952, 953 [1998]), the clerk lacked the authority to enter the judgment at issue (*see* CPLR 3215 [a]; *Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d 672, 673 [2008]; *Ayres Mem. Animal Shelter, Inc. v Montgomery County Socy. for Prevention of Cruelty to Animals*, 17 AD3d 904, 904-905 [2005]; *Jannon v Van Buskirk*, 227 AD2d 844 [1996]; *Maxwell v First Port Jefferson Corp.*, 31 AD2d 813 [1969]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to vacate the clerk's judgment (*see Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d at 673;

*Maxwell v First Port Jefferson Corp.*, 31 AD2d at 813; *cf. Gibbs v Hoot Owl Sportsman's Club*, 257 AD2d 942, 943-944 [1999]; *Jannon v Van Buskirk*, 227 AD2d at 844-845). Rivera, J.P., Covello, Dickerson and Chambers, JJ., concur.