■ FIDELITY NATIONAL TITLE INSURANCE Co., Appellant, v VALTECH RESEARCH, INC., Respondent. [905 NYS2d 172]—

In an action, inter alia, to recover damages for negligence, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered February 23, 2009, as, upon reargument of the defendant's motion to vacate a clerk's judgment entered June 27, 2008, upon its failure to appear or answer, which was denied by order of the same court entered December 11, 2008, granted the motion, in effect, vacated the clerk's judgment and the defendant's default in appearing and answering, and directed the defendant to serve an answer by March 4, 2009.

Ordered that the order is modified, on the law, by deleting the provisions thereof, in effect, vacating the defendant's default in

appearing and answering and directing it to serve an answer by March 4, 2009; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for an inquest and the entry thereafter of judgment in favor of the plaintiff.

The Supreme Court erred in excusing the defendant's default in appearing and answering, and in allowing it to serve an answer. The defendant failed to sustain its burden of demonstrating that it had not received the summons and complaint in time to defend itself so as to entitle it to vacatur of its default under CPLR 317 (*see Guayara v First Rockaway Coast Corp.*, 35 AD3d 659 [2006]; *cf. Taieb v Hilton Hotels Corp.*, 60 NY2d 725 [1983]; *Brockington v Brookfield Dev. Corp.*, 308 AD2d 498 [2003]). The defendant also failed to establish a reasonable excuse for that default. Thus, it was not entitled to vacatur under CPLR 5015 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Taylor v Saal*, 4 AD3d 467 [2004]; *Dominguez v Carioscia*, 1 AD3d 396 [2003]; *Kaplinsky v Mazor*, 307 AD2d 916 [2003]).

However, because the plaintiff is not seeking to recover a "sum certain" within the meaning of CPLR 3215 (a), its claim that the Clerk had the authority to enter the judgment in its favor is without merit (*see Congregation Chaim Barucha v Friedman*, 62 AD3d 933 [2009]; *Ayres Mem. Animal Shelter, Inc. v Montgomery County Socy. for Prevention of Cruelty to Animals*, 17 AD3d 904, 905 [2005]; *Geer, Du Bois & Co. v Scott & Sons Co.*, 25 AD2d 423, 423-424 [1966]; *see also Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572 [1978]). Accordingly, the matter must be remitted to the Supreme Court, Nassau County for an inquest and the entry thereafter of an appropriate judgment (*see* CPLR 3215 [b]). Rivera, J.P., Florio, Miller, Chambers and Roman, JJ., concur.