■ SUSAN D. TIRELLA, Respondent, v AMERICAN PROPERTIES TEAM, INC., et al., Appellants.—Casey, J. P. Appeal from an amended order of the Supreme Court (Kahn, J.), entered September 11, 1987 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff resided in a complex known as Ogden Mill Apartments, located in the City of Cohoes, Albany County, and which was developed and maintained specifically for handicapped or elderly persons. On February 5, 1982, plaintiff, a paraplegic suffering from multiple sclerosis, attempted to take her first bath in her apartment. Having turned on the water without first checking its temperature, plaintiff left the room until the tub filled. Upon her return, she moved from her wheelchair onto a seat connected to the bathtub and, again without testing the water temperature, placed her feet into the tub for not more than two seconds because the water was "terribly hot". She sustained second and third degree burns.

In addition to the owners and the manager of the apartment complex, plaintiff sued Taylor Woodrow Blitman Construction Corporation (hereinafter Taylor), the general con-

tractor in the construction of the building, for its failure to provide for proper control of the hot water supplied to plaintiff's bathtub and failing to install grab bars in the bathtub; Boston Architectural Team, Inc. (hereinafter Boston), for negligent design of the bathroom and the water temperature regulator; and Beltrone Construction Company, Inc. (hereinafter Beltrone), a subcontractor, for its failure to install grab bars and for negligence in the installation of the water temperature regulator. After issue had been joined, all defendants moved for summary judgment. Supreme Court denied all of the motions, stating only that summary judgment "is rarely available in a negligence action * * * particularly * * * when applying the principles of comparative negligence". Defendants now appeal.

Initially we note that plaintiff's own culpable conduct, in failing to test the water before submersing her feet into it, does not rise to the level of a superseding cause sufficient to negate a duty of care on the part of defendants and bar plaintiff's recovery as a matter of law (see, Turcotte v Fell, 68 NY2d 432, 439; cf., Smith v Stark, 67 NY2d 693; Boltax v Joy Day Camp, 67 NY2d 617). Plaintiff's failure to check the water temperature before immersing her feet in the bathtub is a normal, reasonably foreseeable consequence of the situation created by defendants' negligence in permitting the water from the faucet to become too hot (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). Although plaintiff's failure in this regard may properly be considered by the jury on the issue of her culpable conduct, it is not such an unforeseeable or extraordinary act as to be considered superseding so as to break the causal nexus (cf., Martinez v Lazaroff, 48 NY2d 819, 820).

The affidavit of plaintiff's physician states that the water temperature must have been at least 149 degrees Fahrenheit to cause plaintiff's burns, creating a triable issue of fact as to the negligence of the owners and manager in their control and maintenance of the hot water system. Therefore, motions of these defendants for summary judgment were properly denied by Supreme Court.

As to Taylor, the general contractor who constructed the apartment building, the specifications contained no requirement for vertical grab bars, and plaintiff's own testimony that she pulled her feet out of the water immediately, negates any negligence predicated on the absence of grab bars. Consequently, Supreme Court should have granted summary judgment as to the cause of action based upon Taylor's construc-

tion of the bathroom; but as to the cause of action against Taylor regarding its negligence in failing to provide for proper control of the hot water supplied to plaintiff's bathtub, summary judgment was properly denied.

As to Beltrone, Beltrone's affidavits show its lack of involvement in relevant aspects of the construction of the bathroom, and plaintiff has failed to counter this showing by proof sufficient to raise an issue of fact as to the negligence of Beltrone. Consequently, the order of Supreme Court should be reversed as to Beltrone and the complaint against it dismissed.

Finally, with regard to Boston, it has submitted affidavits showing that its plans and specifications did not constitute a departure from safe engineering and architectural principles and practices. In the face of this showing, plaintiff has failed to substantiate her allegations of professional negligence by expert proof, which is required. Accordingly, Boston's motion for summary judgment should have been granted and the complaint against it dismissed.

Amended order modified, on the law, with one bill of costs to defendants Taylor Woodrow Blitman Construction Corporation, Beltrone Construction Company, Inc., and Boston Architectural Team, Inc., by reversing so much thereof as (1) denied the motions for summary judgment of defendants Beltrone Construction Company, Inc., and Boston Architectural Team, Inc., and (2) denied the motion for summary judgment of defendant Taylor Woodrow Blitman Construction Corporation as to the first cause of action; motions granted to that extent and summary judgment awarded to said defendants; and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.