■ MARK DWYER et al., Respondents, v WEST BRADFORD CORPORATION et al., Appellants.—Casey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered February 27, 1992 in Albany County, which denied defendants' motion to vacate a default judgment entered against them.

On October 24, 1989, carbon monoxide gas was discharged within offices located at 2 University Place in the City of Albany which were owned and managed by defendants. Plaintiff Susan Dwyer (hereinafter plaintiff) was an employee on the premises and, as the result of her exposure, she and the fetus she was carrying were treated at the emergency room of

a nearby hospital. Ultimately, the fetus died. Plaintiffs commenced this action on November 30, 1990; the time to answer expired on December 20, 1990. An affidavit of service indicated that defendants' answer was served by mail on December 21, 1990. The affidavit of a paralegal employed by defendants' counsel avers that she obtained a verbal extension to answer until December 23, 1990. Counsel for plaintiffs asserts that no answer was ever received. Pursuant to plaintiffs' motion, an inquest was held on September 16, 1991 and a default judgment in the amount of $78,500 was granted in favor of plaintiff and the additional sum of $18,500 to her husband on his derivative cause of action, together with appropriate costs and disbursements. The default judgment was entered on September 20, 1991 and the instant motion to vacate the default was made on October 25, 1991. The papers on which the default was entered were not received by defendants' attorney until October 21, 1991.

Supreme Court held that service of defendants' answer on December 21, 1990 was untimely, albeit by one day, and that defendants were required to demonstrate under CPLR 5015 (a) (1) a reasonable excuse for the default and a meritorious defense. Supreme Court then found that there was no intent on defendants' part to default and that a justifiable excuse was presented, but that defendants failed to demonstrate a meritorious defense. Accordingly, defendants' motion to vacate the default was denied.

We reverse. Plaintiffs' claim is based on a leakage of carbon monoxide from the building's boiler room to the rest of the building. Although defendants owned and managed the property, they have submitted an affidavit by defendant Picotte Management Company's comptroller that alleges that the boilers had been installed by A. J. Eckert Company in March 1987, just two years before plaintiff's injury, and that Eckert continued to maintain and monitor the system after installation. An affidavit submitted by the manager of the property alleged that the leak of carbon monoxide that occurred in the boiler room was, to the best of his knowledge, "the first time we had ever had this problem. We had no warning that anything like this could occur. * * * There was nothing to indicate to us prior to October, 1989 that there was any problem with the original design of the system." In our view, this affidavit is sufficient as a meritorious defense to plaintiffs' action. If the allegations of the affidavit are accepted, no liability could be imposed on defendants for a sudden and unanticipated leak. Defendants cannot be held liable for inju-

ries caused by a defective condition unless they had actual or constructive notice of that condition *(see, e.g., Meyers v Fifth Ave. Bldg. Assocs.,* 90 AD2d 824).

As this Court has previously stated, "a defendant is only required to make a prima facie showing of legal merit * * * and is not required to establish a defense as a matter of law" *(Sanders v Sanders,* 140 AD2d 787, 789). Together with the answer, the affidavit of the manager is legally sufficient to show a meritorious defense. Inasmuch as Supreme Court has held that the other requirement, i.e., lack of willfulness and a reasonable excuse for the default, were sufficiently demonstrated, we reverse the order appealed from. We would but add that the delay of one day in filing the answer, as found by Supreme Court, was brief and plaintiffs have demonstrated no prejudice as a result of such delay. Resolution of disputes on the merits rather than by default is favored *(supra)* and to that end a liberal policy toward opening defaults exists. Accordingly, the order appealed from should be reversed and the default judgment entered herein should be vacated.

Levine, J. P., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.