■ ARAMUS PARKER, an Infant, by His Mother and Natural Guardian, RAQUEL PARKER, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [610 NYS2d 539] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated April 23, 1992, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff was allegedly burned by scalding water when his brother accidentally turned off the cold water in the sink in which the infant plaintiff was being bathed. Despite the defendant's contention, we find that it cannot be said, as a matter of law, that its alleged negligence, in supplying exces-

sively hot water to the infant plaintiff's apartment, was not a proximate cause of the infant's injuries *(see, Daugherty v City of New York,* 137 AD2d 441, 444-445). It was at least arguably foreseeable that the cold water would accidentally be turned off and someone would be burned by the hot water. Thus, the issue of proximate cause is a question for the finder of fact *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). We note, that unlike *Lam v Neptune Assocs.* (203 AD2d 334 [decided herewith]), the question of actual or constructive notice was not at issue on this appeal. Sullivan, J. P., Joy, Hart and Krausman, JJ., concur.