■ RICHARD GOTTLIEB et al., Respondents, v 31 GRAMERCY PARK SOUTH OWNERS CORPORATION et al., Respondents, and INDUSTRIAL HEAT TECH, INC., Appellant, et al., Defendants. [714 NYS2d 484] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered March 22, 2000, which, in an action for personal injuries caused by scalding shower water, insofar as appealed from, denied defendant-appellant boiler service contractor's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

Issues of fact remain as to the extent of appellant's obligations regarding inspection and/or repair of the building's boiler and accessories. First, it is not clear whether the "Watts" mixing valve, which appellant claims regulated the temperature of the hot water delivered to the building's apartments, constituted an "operating accessor[y]" under appellant's contract with the building, and, as such, was appellant's responsibility to maintain. In this regard an issue of fact was raised, on the one hand, by appellant's employee, who testified at deposition that the Watts valve was installed by a licensed plumber and therefore would not be serviced by appellant, and, on the other, by the building's board director, who stated that only appellant was responsible for regulating the temperature of the water that goes up into the apartments, which responsibility presumably would involve maintaining the valve. Moreover, regardless of whether appellant was obligated to maintain the valve itself, an issue of fact remains as to whether appellant fulfilled its duty to inspect the boiler. Although appellant's witnesses differentiated between the "boiler" and the "domestic hot water system," one of those witnesses indicated that appellant's responsibility included looking for anything "in the boiler room" that "might cause any harm to * * * anyone in the building or

anything that's abnormal." Thus, it is not clear whether appellant should have notified the building that the Watts valve was tagged with a warning not to use it with a "fixture where water may contact humans." We also reject appellant's claim that plaintiff's act of turning off the cold water first was an intervening act that relieves it of any liability as a matter of law. "It was at least arguably foreseeable that the cold water would accidentally be turned off and someone would be burned by the hot water. Thus, the issue of proximate cause is a question for the finder of fact." (*Parker v New York City Hous. Auth.*, 203 AD2d 345, 346.) Preclusion of plaintiff's expert evidence was properly denied upon the condition that plaintiff serve a further response to appellant's demand for expert disclosure. We would note that ample basis exists for denying appellant's motion for summary judgment without consideration of plaintiff's experts' affidavits. Concur—Williams, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.