SHANIQUA LINDSEY, an Infant, by CHRISTEENA LINDSEY, Her Mother and Natural Guardian, et al., Respondents, v H.B. ASSOCIATES, L.L.C., Appellant. (And a Third-Party Action.) [809 NYS2d 2]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered March 25, 2005, which, in an action arising out of the scalding of plaintiff infant by bath water, denied defendant landlord's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to dismiss plaintiff mother's claims for medical expenses and loss of services, and otherwise affirmed, without costs.

Issues of fact as to defendant's negligence in maintaining the building's hot water system are raised by the affidavit of the infant plaintiff's treating physician that the water temperature must have been approximately 150 degrees to have caused the second- and third-degree burns that the infant sustained (see Tirella v American Props. Team, 145 AD2d 724, 725 [1988]). Whether the infant plaintiff's foster mother's failure to supervise the infant was a superseding cause of the accident relieving defendant of liability for any negligence in maintaining the building's hot water system is also an issue of fact (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]). We modify to dismiss plaintiff mother's claims for medical expenses and loss of services on a record establishing that she did not pay for the infant's medical expenses and did not have custody of the infant until some three years after the accident. Concur—Buckley, P.J., Mazzarelli, Andrias, Saxe and Sullivan, JJ.