◼ JOHNNY LI et al., Appellants, v MIDLAND ASSOCIATES, LLC, et al., Respondents. [810 NYS2d 221]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated December 3, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The infant plaintiff was crossing the street when he was pushed from behind. As a result, the infant plaintiff stumbled and fell in front of an apartment building owned by the defendants. The defendants had left some garbage out for collection, and the infant plaintiff's hand went through two of three panes of glass which had been left exposed on the sidewalk.

Generally, proximate cause is a question to be decided by the finder of fact (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]). "It is well settled that because the determination of legal causation turns upon questions of foreseeability and 'what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve' " (Kriz v Schum, 75 NY2d 25, 34 [1989], quoting Derdiarian v Felix Contr. Corp., supra at 315). Here, the defendants failed to establish as a matter of law that the infant plaintiff's injuries were unforeseeable or that the fact that the infant plaintiff was pushed was a superseding cause which severed any nexus between their alleged negligence and the infant plaintiff's injuries (see Suazo v Ajay, Inc, 305 AD2d 662 [2003]; Canela v Audobon Gardens Realty Corp., 304 AD2d 702 [2003]). Prudenti, P.J., Adams, Spolzino and Covello, JJ., concur.