■ SHAWN BINGHAM, Respondent, v LOUCO REALTY, LLC, et al., Appellants. [829 NYS2d 194]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated February 15, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Generally, issues of proximate cause are to be decided by the

finder of fact (*see Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 659 [1989]; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]). Moreover, "because the determination of legal causation turns upon questions of foreseeability and 'what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve' " (*Kriz v Schum,* 75 NY2d 25, 34 [1989], quoting *Derdiarian v Felix Contr. Corp., supra* at 315; *see Li v Midland Assoc., LLC,* 26 AD3d 473 [2006]). Here, the defendants failed to establish as a matter of law that the plaintiff's injuries were not a foreseeable consequence of their alleged negligence in improperly repairing the running hot water faucet in his apartment, or that their alleged negligence was not a proximate cause of his injuries (*see Mercedes v Menella,* 34 AD3d 655 [2006]; *Li v Midland Assoc., LLC, supra; Gottlieb v 31 Gramercy Park S. Owners Corp.,* 276 AD2d 417 [2000]; *Parker v New York City Hous. Auth.,* 203 AD2d 345 [1994]; *Daughtery v City of New York,* 137 AD2d 441 [1988]; *Pagan v Goldberger,* 51 AD2d 508 [1976]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Krausman, J.P., Florio, Lunn and Covello, JJ., concur.