██ JOHN TERRY, Appellant, v DANISI FUEL OIL COMPANY, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) (Action No. 1.) GLENN ARTHUR TERRY, Appellant, v DANISI FUEL OIL COMPANY, INC., et al., Respondents, et al., Defendants. (Action No. 2.) [837 NYS2d 256]—

In two related actions to recover damages for personal injuries, John Terry, the plaintiff in action No. 1, and Glenn Arthur Terry, the plaintiff in action No. 2, separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), entered March 2, 2006, as granted those branches of the separate motions of the defendants Danisi Fuel Oil Company, Inc., and Frederick L. Blase, Jr., doing business as Blase Contracting, which were for summary judgment dismissing the respective complaints insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, and those branches of the separate motions of the defendants Danisi Fuel Oil Company, Inc., and Frederick L. Blase, Jr., doing business as Blase Contracting, which were for summary judgment dismissing the respective complaints insofar as asserted against them are denied.

Generally, issues of proximate cause are to be decided by the finder of fact (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Moreover, "because the determination of legal causation turns upon questions of foreseeability and 'what is foreseeable and what is normal may be the subject of varying

inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve' " (*Kriz v Schum*, 75 NY2d 25, 34 [1989], quoting *Derdiarian v Felix Contr. Corp.*, *supra* at 315; *see Megally v LaPorta*, 253 AD2d 35, 43 [1998]).

Here, the respondents failed to establish as a matter of law that the appellants' injuries were not a foreseeable consequence of the respondents' alleged negligence in installing an aquastat probe and in failing to install a mixing valve, or that their alleged negligence was not a proximate cause of the injuries (*see Bingham v Louco Realty, LLC*, 36 AD3d 845 [2007]; *Gottlieb v 31 Gramercy Park S. Owners Corp.*, 276 AD2d 417 [2000]; *Parker v New York City Hous. Auth.*, 203 AD2d 345 [1994]; *Tirella v American Props. Team*, 145 AD2d 724 [1988]; *Daughtery v City of New York*, 137 AD2d 441 [1988]; *Muhaymin v Negron*, 86 AD2d 836 [1982]). We find that the case of *Rivera v City of New York* (11 NY2d 856 [1962]), is not controlling. Accordingly, the Supreme Court should have denied those branches of the respondents' separate motions which were for summary judgment dismissing the respective complaints insofar as asserted against them. Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur.