■ Chynna Rosencrans et al., Respondents, v Thomas Kiselak et al., Appellants, et al., Defendants. [859 NYS2d 490]—

In an action to recover damages for personal injuries, etc., the defendants Thomas Kiselak and Joan Kiselak appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated August 4, 2006, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff sustained third-degree burns while washing her hands in the bathroom sink of the second-floor apartment in which she resided in Newburgh. The infant plaintiff and her mother (hereinafter the plaintiffs) commenced the instant action against, among others, the owners of the building, the defendants Thomas Kiselak and Joan Kiselak (hereinafter together the Kiselaks), alleging negligent maintenance of the building's hot water system.

In opposition to the Kiselaks' prima facie showing of entitlement to judgment as a matter of law, the plaintiffs raised a triable issue of fact as to whether the Kiselaks failed to maintain the premises in a reasonably safe condition (*see Basso v Miller,* 40 NY2d 233 [1976]). The narrative report of the infant plantiff's physician stated that the water temperature must

have been more than 140 degrees Farenheit to have caused the infant plaintiff's injuries, and deposition testimony revealed that the building's hot water heater was set at 150 to 155 degrees Farenheit one day after the accident (*see Lindsey v H.B. Assoc., L.L.C.*, 24 AD3d 274 [2005]; *Parker v New York City Hous. Auth.*, 203 AD2d 345, 345-346 [1994]; *Tirella v American Props. Team*, 145 AD2d 724 [1988]). In addition, the evidence demonstrated that the basement where the hot water heater and unsecured aquastat were located was accessible to anyone and there were prior complaints of trespassers in the basement.

There is also a triable issue of fact as to whether the failure of the defendant Kelly Weygant, who was babysitting at the time of the accident, to supervise the infant plaintiff was a superseding cause of the accident (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Lindsey v H.B. Assoc., L.L.C.*, 24 AD3d 274 [2005]).

Accordingly, the Kiselaks' motion was properly denied. Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.