■ LISA SCHOLTZ, Respondent, v CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., Appellant, et al., Defendant. [894 NYS2d 145]—

In an action to recover damages for personal injuries, the defendant Catholic Health System of Long Island, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Kerins, J.), dated October 20, 2008, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a resident of an apartment complex known as the Siena Village, which was owned by the defendant Catholic Health System of Long Island, Inc. (hereinafter CHSLI), allegedly sustained second and third degree burns to her feet when the water running from the faucet in her bathtub suddenly became excessively hot. At the time, the plaintiff, who suffered from spina bifida, was quadriplegic but had full sensation in her legs. She was attempting to take a bath with the assistance of her personal care aid, the defendant Joanne Stoakes, when the accident occurred.

According to the plaintiff, Stoakes followed her instructions by checking the temperature of the few inches of standing water and the water running from the faucet by placing her hands under the faucet and into the tub a few times before lowering the plaintiff into the tub. When the plaintiff's feet entered the water near the faucet, she felt pain and saw redness in her feet. The plaintiff stated that for a few years prior to the accident, she had complained to the superintendent of the building during each annual inspection of her apartment that the temperature of the running water suddenly and randomly fluctuated and became excessively hot.

Stoakes stated that the plaintiff never told her to check the temperature of the water. Stoakes did not remember whether she tested the temperature of the water with her hands before

lowering the plaintiff into the bathtub. She believed that one of her feet was in the tub for a couple of seconds before she lowered the plaintiff into the tub and found it to be fine.

The building superintendent stated that the plaintiff never complained to him that the temperature of the water fluctuated and became excessively hot. He stated that if the plaintiff had made such a complaint, he would have noted it in his inspection report. His review of the inspection reports showed that no such notations were made.

The Supreme Court properly denied that branch of CHSLI's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Under the circumstances, issues of credibility exist, and present triable issues of fact as to whether CHSLI properly maintained its water heating system and had actual notice of the alleged hazardous condition (*see generally Shkolnik v Longo*, 63 AD3d 819 [2009]). Contrary to CHSLI's contention, it failed to establish, prima facie, that Stoakes' alleged negligent conduct was the sole proximate cause of the plaintiff's injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Rivera v City of New York*, 11 NY2d 856, 857 [1962]; *Hoang v Man Chong Wong*, 49 AD3d 694 [2008]; *Williams v Jeffmar Mgt. Corp.*, 31 AD3d 344, 345 [2006]).

CHSLI's remaining contention is without merit. Skelos, J.P., Covello, Balkin and Austin, JJ., concur. **[Prior Case History: 21 Misc 3d 1126(A), 2008 NY Slip Op 52236(U).]**