■ Moshe K. et al., Respondents, v Nu Kol Tuv, Inc., Appellant, et al., Defendant. [949 NYS2d 768]—

In an action to recover damages for personal injuries, etc., the defendant Nu Kol Tuv, Inc., appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated October 27, 2011, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The infant plaintiff was injured while bathing in a bathtub in the apartment where he resided. The infant plaintiff allegedly was in the bathtub for about five minutes, with the water running at all times, without incident, when he suddenly began to cry and then scream. The bathtub's drain had not been closed off and there was only about an 1-1¹/₂ inches of water in the tub where he was sitting at all times. He allegedly was burned by excessively hot water. Thereafter, the infant plaintiff, and his mother suing derivatively, commenced this action against, among others, the landlord, Nu Kol Tuv, Inc. (hereinafter the landlord).

The landlord failed to establish, prima facie, that it maintained its water heater system in a reasonably safe manner and that it did not create or have actual or constructive notice of the alleged hazardous condition (*see Simmons v Sacchetti*, 15 NY3d 797 [2010]; *Scholtz v Catholic Health Sys. of Long Is., Inc.*, 70 AD3d 808 [2010]; *Rosencrans v Kiselak*, 52 AD3d 492 [2008]). No evidence was submitted regarding the temperature at which the water heater was set at the time of the accident, and no evidence was submitted as to what the landlord did in response to the alleged complaints of the infant plaintiff's parents that the hot water in the one-family bungalow was too hot and that they experienced surges of hot water in other water outlets within the bungalow. The issue of whether the mother's alleged negligent supervision of the infant plaintiff was the sole proximate cause of the incident is one that cannot be resolved as a matter of law based on the landlord's submissions (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]; *Lindsey v H.B. Assoc., L.L.C.*, 24 AD3d 274 [2005]). Since the landlord failed to meet its initial burden, the sufficiency of the plaintiffs' opposition papers need not be considered (*see Winegrad v New*

*York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Angiolillo, J.P., Dickerson, Leventhal and Chambers, JJ., concur.