■ ANTHONY DILAPI, Appellant-Respondent, v SAW MILL RIVER, LLC, Respondent-Appellant, and WESTCHESTER MANOR CORP. et al., Respondents. [998 NYS2d 60]—

In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered December 21, 2012, as granted that branch of the motion of the defendants Saw Mill River, LLC, and San Roc Catering Corp. which was for summary judgment dismissing the complaint insofar as asserted against the defendant San Roc Catering Corp., and the separate motion of the defendant Westchester Manor Corp. for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Saw Mill River, LLC, cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) the plaintiff appeals, as limited by his brief, from so much of an order of the same court entered July 9, 2013, as, upon renewal, granted that branch of the motion of the defendants Saw Mill River, LLC, and San Roc Catering Corp. which was for summary judgment dismissing the complaint insofar as asserted against the defendant Saw Mill River, LLC, and denied his cross motion for leave to renew his opposition to that branch of the motion of those defendants which was for summary judgment dismissing the complaint insofar as asserted against the defendant San Roc Catering Corp., and the separate motion of the defendant Westchester Manor Corp. for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Saw Mill River, LLC, cross-appeals from so much of the order entered July 9, 2013, as granted that branch of its motion which was to vacate its default in answering or appearing in the action only on the condition that nonparty Lori Fishman, the attorney for Saw Mill River, LLC, pay a sanction in the sum of $2,500 to the Lawyer's Fund for Client Protection of New York.

Ordered that the appeal by the defendant Saw Mill River, LLC, from so much of the order entered December 21, 2012, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as that portion of the order was superseded by the order entered July 9, 2013, made upon renewal; and it is further,

Ordered that the order entered December 21, 2012, is reversed insofar as reviewed, on the law, and the motion of the de-

fendants Saw Mill River, LLC, and San Roc Catering Corp. for summary judgment dismissing the complaint insofar as asserted against the defendant San Roc Catering Corp., and the separate motion of the defendant Westchester Manor Corp. for summary judgment dismissing the complaint insofar as asserted against it are denied; and it is further,

Ordered that the appeal by the plaintiff from so much of the order entered July 9, 2013, as denied his cross motion for leave to renew his opposition to the motion of the defendants Saw Mill River, LLC, and San Roc Catering Corp. for summary judgment dismissing the complaint insofar as asserted against the defendant San Roc Catering Corp., and the separate motion of the defendant Westchester Manor Corp. for summary judgment dismissing the complaint insofar as asserted against it is dismissed as academic in light of our determination on the appeal from the order entered December 21, 2012; and it is further,

Ordered that the order entered July 9, 2013, is reversed insofar as reviewed on the appeal and insofar as cross-appealed from, on the law, upon renewal, that branch of the motion of the defendants Saw Mill River, LLC, and San Roc Catering Corp. which was for summary judgment dismissing the complaint insofar as asserted against the defendant Saw Mill River, LLC, is denied, and so much of the order entered July 9, 2013, as conditioned the granting of that branch of the motion of those defendants which was to vacate Saw Mill River, LLC's default in answering or appearing in the action on the payment of a sanction in the sum of $2,500 to the Lawyer's Fund for Client Protection of New York is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendants appearing separately and filing separate briefs.

On March 29, 2009, the plaintiff was installing a telephone in the basement of a catering hall owned by the defendant Saw Mill River, LLC (hereinafter Saw Mill), when he allegedly was exposed to carbon monoxide. He commenced this action against Saw Mill, as well as San Roc Catering Corp. (hereinafter San Roc), and Westchester Manor Corp. (hereinafter Westchester Manor), the current and former tenants, respectively, of Saw Mill. The plaintiff claimed, based on a conversation with Enrico Mareschi, a shareholder of Westchester Manor, that the cause of the carbon monoxide leak was a backup in the boiler and blockage of an exhaust pipe. Saw Mill and San Roc moved together for summary judgment dismissing the complaint insofar as asserted against them. As part of their papers, they submitted the

deposition testimony of Anthony DeLillis, the owner of Saw Mill and a shareholder in San Roc, who, when asked if, prior to the plaintiff's accident, anyone had ever apprised him of the presence of carbon monoxide in or around the basement area, answered "yes." Westchester Manor separately moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed the motions, arguing that, based on DeLillis's admission during his deposition, the defendants had failed to eliminate all triable issues of fact as to actual notice of the alleged dangerous condition. The plaintiff further argued that, in any event, based on the doctrine of res ipsa loquitur, a triable issue of fact existed as to whether the defendants were negligent. In reply, Saw Mill and San Roc did not deny DeLillis's admission, but argued that it was too vague to raise an issue of fact as to notice. After the motions were fully submitted, counsel for Saw Mill and San Roc sent a letter to the court alerting it to the fact that DeLillis's answer had been erroneously transcribed, and that he had, in fact, answered "no" to the above question, as supported by a letter from the court reporter who had reviewed the audio file. In addition, Saw Mill and San Roc submitted a surreply affirmation to the court, arguing that the corrected deposition testimony established, as a matter of law, that notice was lacking.

In an order entered December 21, 2012, the Supreme Court denied that branch of the motion of Saw Mill and San Roc which was for summary judgment dismissing the complaint insofar as asserted against Saw Mill because a default judgment had been entered against it, and that judgment was never vacated. However, the Supreme Court granted that branch of the motion of Saw Mill and San Roc which was for summary judgment dismissing the complaint insofar as asserted against San Roc, holding that San Roc established, prima facie, based on the corrected deposition testimony of DeLillis, that it lacked actual notice of the alleged dangerous condition, and the plaintiff failed to raise a triable issue of fact. The Supreme Court also granted Westchester Manor's motion for summary judgment dismissing the complaint insofar as asserted against it.

Saw Mill and San Roc moved to vacate Saw Mill's default and, thereupon, for leave to renew that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against Saw Mill. In support of the motion, Saw Mill provided a stipulation between the parties withdrawing the plaintiff's motion for a default judgment against Saw Mill, which had been filed with the Supreme Court prior to its issuance of an order awarding the plaintiff a default judgment

against Saw Mill. The plaintiff did not oppose that branch of the motion which was for leave to renew, but did oppose that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Saw Mill. In addition, the plaintiff cross-moved for leave to renew his opposition to that branch of the motion of Saw Mill and San Roc which was for summary judgment dismissing the complaint insofar as asserted against San Roc, and the separate motion of Westchester Manor for summary judgment dismissing the complaint insofar as asserted against it. In support, the plaintiff provided an affidavit from an expert addressing, in part, the issue of constructive notice which, the plaintiff argued, was not submitted as part of his prior opposition because of DeLillis's admitting to having actual notice.

In an order entered July 9, 2013, the Supreme Court granted that branch of the motion of Saw Mill and San Roc which was to vacate the default judgment entered against Saw Mill and, upon renewal, granted that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against Saw Mill. However, the Supreme Court sanctioned Saw Mill's attorney $2,500 for the failure to notify the court of the withdrawal of the plaintiff's motion for a default judgment. The Supreme Court denied the plaintiff's motion for leave to renew his opposition to that branch of the motion of Saw Mill and San Roc which was for summary judgment dismissing the complaint insofar as asserted against San Roc, and the separate motion of Westchester Manor for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court erred in granting the motion of Westchester Manor for summary judgment dismissing the complaint insofar as asserted against it and that branch of the motion of Saw Mill and San Roc which was for summary judgment dismissing the complaint insofar as asserted against San Roc. In light of DeLillis's deposition testimony, albeit erroneously transcribed, they failed to meet their prima facie burden of establishing, prima facie, that they lacked actual notice of the alleged dangerous condition (*see Moshe K. v Nu Kol Tuv, Inc.*, 98 AD3d 652 [2012]). While a corrected copy of his deposition testimony was submitted as part of a letter to the Supreme Court and in a surreply affirmation, the plaintiff never had an opportunity to respond to this corrected evidence (*see Miterko v Peaslee*, 80 AD3d 736, 737 [2011]; *cf. Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 778 [2010]), and a defendant cannot meet its prima facie burden by submitting evidence for the first time in reply or, in this case, surreply (*see Tingling*

*v C.I.N.H.R., Inc.*, 74 AD3d 954, 956 [2010]). In any event, Westchester Manor and San Roc failed to, establish, prima facie, that they lacked constructive notice of the alleged dangerous condition (*see Moshe K. v Nu Kol Tuv, Inc.*, 98 AD3d at 652; *see generally Dwyer v West Bradford Corp.*, 188 AD2d 813 [1992]).

The Supreme Court also erred in granting, upon renewal, that branch of the motion of Saw Mill and San Roc which was for summary judgment dismissing the complaint insofar as asserted against Saw Mill, as Saw Mill also failed to meet its burden of establishing prima facie that it lacked constructive notice of the alleged dangerous condition (*see Moshe K. v Nu Kol Tuv, Inc.*, 98 AD3d at 652; *see generally Dwyer v West Bradford Corp.*, 188 AD2d at 813).

The Supreme Court should not have imposed a sanction against the attorney for Saw Mill, since the court's finding that counsel never notified it of the withdrawal of the plaintiff's motion for a default judgment against Saw Mill prior to the issuance of an order granting that relief is belied by the record (*cf.* 22 NYCRR 130-1.1 [c] [2]).

In light of the foregoing, the appeal by the plaintiff from so much of the order entered July 9, 2012, as denied his cross motion for leave to renew his opposition to the motion of Saw Mill and San Roc for summary judgment dismissing the complaint insofar as asserted against San Roc, and the separate motion of Westchester Manor for summary judgment dismissing the complaint insofar as asserted against it, has been rendered academic. Skelos, J.P., Dickerson, Chambers and Sgroi, JJ., concur.