Designer Limousine, Inc. v Authority Transp., Inc. (2019 NY Slip Op 07049)





Designer Limousine, Inc. v Authority Transp., Inc.


2019 NY Slip Op 07049


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-10949
 (Index No. 2092/16)

[*1]Designer Limousine, Inc., et al., respondents,
v
Authority Transportation, Inc., etc., et al., defendants, Michael Cassano, appellant.


London Fischer LLP, New York, NY (Morgan A. Corley and Brian A. Kalman of counsel), for appellant.
Anthony A. Capetola, Williston Park, NY (Michael C. Barrows of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendant Michael Cassano appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered August 30, 2017. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the fraud cause of action insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Designer Limousine, Inc. (hereinafter Designer), a limousine company, operated a fleet of buses and other vehicles for hire in New York. The plaintiff Kenneth Caldwell was its principal. On several occasions in late 2011 and early 2012, the defendant Michael Cassano, who was in the business of conducting automobile damage appraisals, appraised damage to and the cost of repairing certain of Designer's vehicles in connection with claims for coverage Designer made to its insurer.
In March 2016, the plaintiffs commenced this action alleging, inter alia, that Cassano had falsely inflated the damage amounts he reported in his appraisals as part of a scheme carried out with the other defendants to defraud Designer's insurer. The plaintiffs alleged that Cassano's fraudulent conduct caused Designer's insurance premiums to increase exponentially and, in turn, forced the company to discontinue operations.
Cassano moved, inter alia, for summary judgment dismissing the fraud cause of action insofar as asserted against him. He argued, inter alia, that his alleged fraudulent conduct was not a proximate cause of the plaintiffs' claimed losses, and that an August 2012 fatal accident involving one of Designer's buses and the accident's impact on the business constituted superseding causes of the plaintiffs' claimed losses, relieving him of any liability.
The Supreme Court denied that branch of Cassano's motion which was for summary judgment dismissing the fraud cause of action insofar as asserted against him. Cassano appeals.
To establish a fraud claim, a plaintiff must show that the defendant's alleged fraudulent conduct was a direct and proximate cause of his or her claimed losses (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 151 AD3d 83, 86, affd 31 NY3d 569; Greentech Research LLC v Wissman, 104 AD3d 540). There may be more than one proximate cause of a plaintiff's injuries (see Gray v Air Excel Serv. Corp., 171 AD3d 1026, 1028; Santaiti v Town of Ramapo, 162 AD3d 921, 926). However, an independent intervening act may constitute a superseding cause, and be sufficient to relieve defendants of liability, "if it is of such an extraordinary nature or so attenuated from the defendants' conduct that responsibility for the injury should not reasonably be attributed to them" (Gordon v Eastern Ry. Supply, 82 NY2d 555, 562; see Weiss v Hager, 151 AD3d 906, 909). Although the issue may be decided as a matter of law where only one conclusion may be drawn from the established facts, the question of proximate cause is generally to be decided by the finder of fact (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; Bermejo v Khaydarov, 155 AD3d 597, 597-598; Li v Midland Assoc., LLC, 26 AD3d 473, 474).
Here, Cassano failed to demonstrate his prima facie entitlement to judgment as a matter of law dismissing the fraud cause of action on the ground that his alleged fraudulent conduct was not a proximate cause of the plaintiffs' claimed losses. Contrary to Cassano's contention, he failed to demonstrate that the events subsequent to the alleged fraud relating to the August 2012 accident constituted superseding causes relieving him of liability for the plaintiffs' claimed losses. Accordingly, we agree with the Supreme Court's determination to deny that branch of Cassano's motion which was for summary judgment dismissing the fraud cause of action insofar as asserted against him, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Contrary to Cassano's contention, the plaintiffs adequately alleged definite, measurable out-of-pocket damages resulting from his alleged fraud (cf. Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 143; Dress Shirt Sales v Hotel Martinique Assoc., 12 NY2d 339, 344).
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court