Generalova v Avenue K LG, LLC

2026 NY Slip Op 02394

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Natalia Generalova, appellant-respondent,

v

Avenue K LG, LLC, respondent-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2021-04843, (Index No. 505396/17)

Angela G. Iannacci, J.P.

Cheryl E. Chambers

Lillian Wan

Janice A. Taylor, JJ.

Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Simon Q. Ramone of counsel), for appellant-respondent.

Lewis Johs Avallone Aviles, LLP, Islandia, NY (Amy E. Bedell and Caroline K. Hock of counsel), for respondent-appellant.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated June 9, 2021. The order, insofar as appealed from, denied the plaintiff's cross-motion, in effect, for summary judgment on the issue of liability. The order, insofar as cross-appealed from, denied the defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

According to the plaintiff's deposition testimony, on January 7, 2017, the plaintiff was employed as a live-in home health attendant working for an elderly tenant (hereinafter the tenant) in an apartment located in a building owned by the defendant. At some point after 11:00 p.m., the plaintiff went into the bathroom to take a shower. After adjusting the water to the appropriate temperature, the plaintiff entered the bathtub to shower. The plaintiff testified that as she was rinsing shampoo from her hair, "hard boiled water" suddenly came out of the showerhead, causing "serious and severe burns about her face [and] body."

In March 2017, the plaintiff commenced this action against the defendant to recover damages for personal injuries she alleged she sustained in connection with the incident. In the bill of particulars, the plaintiff alleged that the defendant was negligent by, inter alia, negligently maintaining the hot water/boiler system and allowing the water flowing therefrom to flow in an unexpected, erratic, and scalding manner.

In May 2019, prior to the note of issue being filed, the defendant moved for summary judgment dismissing the complaint. Thereafter, in February 2020, the plaintiff opposed the defendant's motion and cross-moved for summary judgment, in effect, on the issue of liability. By order dated June 9, 2021, the Supreme Court denied both the motion and the cross-motion. The plaintiff appeals, and the defendant cross-appeals.

In the premises liability context, "[t]o establish a prima facie case of negligence, the [*2]plaintiff must demonstrate either that the defendant created the dangerous or defective condition that caused the incident, or that [the defendant] had actual or constructive notice of the condition" (Schafran v Simms, 293 AD2d 518, 519; see Tkachuk v D & J Realty of N.Y., LLC, 234 AD3d 1009, 1010). "A defendant may . . . establish its prima facie entitlement to judgment as a matter of law by submitting evidence that no dangerous or defective condition existed at the time of the plaintiff's accident" (Shvyetsov v 1900 Newkirk Ave., LLC, 217 AD3d 704, 706; see McKevitt v True N. Urgent Care, LLC, 224 AD3d 741, 742).

Here, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. In support of its motion, the defendant submitted, among other things, an affidavit sworn to by Daryl James Smith. In his affidavit, Smith averred that the building's boiler produced both steam to heat the building's apartments and the hot water for the sinks and showers. Smith explained that the hot water supplied to the apartments generally was at 125 F to 130 F, as measured by the hot water system tempering valve. That temperature was achieved by the tempering/mixing valve bringing together cold and hot water. However, Smith acknowledged that the building's hot water system allowed for fluctuations in the hot water temperature. He stated that such fluctuations were "not uncommon" in the type of hot water system at issue here, since the cold water supply could be interrupted by the flushing of toilets or the use of large amounts of cold water in adjoining apartments. Moreover, the defendant also submitted a transcript of the plaintiff's deposition testimony, which contained the plaintiff's testimony that at the time of the incident, "hard boiled water" suddenly came out of the showerhead, causing burns to her face and body. Given this evidence and drawing every available inference in favor of the plaintiff as the nonmoving party (see Matter of Eighth Jud. Dist. Asbestos Litig., 33 NY3d 488, 496), the defendant failed to establish, prima facie, that it maintained its water heater system in a reasonably safe manner and that it did not create or have notice of the alleged dangerous condition (see Moshe K. v Nu Kol Tuv, Inc., 98 AD3d 652, 652; Scholtz v Catholic Health Sys. of Long Is., Inc., 70 AD3d 808, 808-809; Shkolnik v Longo, 63 AD3d 819, 820).

The Supreme Court also properly denied the plaintiff's cross-motion, in effect, for summary judgment on the issue of liability. In support of her cross-motion, the plaintiff submitted, inter alia, a transcript of the deposition testimony of Zhanna Bromberg, the tenant's daughter. At her deposition, Bromberg testified that the tenant's apartment had previously experienced issues with excessively hot water unexpectedly running from the bathtub faucet and showerhead. These included one incident at the "end" of 2015, when excessively hot water suddenly emanated from the faucet and showerhead in the bathtub, and two incidents in December 2016, with the first involving the showerhead and the other involving the faucet in the bathroom sink. Bromberg testified that after each instance she informed the building superintendent of the issues with the hot water. Notably, after the first incident in December 2016, Bromberg told the superintendent that "it's impossible to bathe, you try to adjust the water running, it looks like normal, and then all of a sudden hot water starts running." In each instance, the superintendent advised her to call the management office, which Bromberg did. Given this testimony, contrary to the defendant's contention, Bromberg's testimony established, prima facie, that the defendant was on notice of the dangerous condition (see Tkachuk v D & J Realty of N.Y., LLC, 234 AD3d at 1009).

In opposition, the defendant submitted, among other things, a transcript of the deposition testimony of the building superintendent. At his deposition, the superintendent, who had worked at the building for approximately 25 years, denied ever receiving any complaints from the tenant, her relatives, or any of the tenant's home health aides before the date of the alleged incident. The superintendent also denied receiving any complaints from the tenants or their guests about burning or injuring themselves with hot water before the date of the alleged incident. The defendant also submitted an affidavit from the superintendent, in which he averred, consistent with his deposition testimony, that prior to the date of the alleged incident, he received no complaints about the water being too hot in any of building's apartments. The superintendent's testimony and averments, which conflict with Bromberg's testimony, were sufficient to raise triable issues of fact (see Shkolnik v Longo, 63 AD3d at 820).

The parties' remaining contentions either are improperly raised for the first time on [*3]appeal or need not be considered in light of our determination.

IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court